**UNITED STATES of America, Appellant,**

v.

**Gretchen E. SMITH, Appellee.**

**No. 24864.**

United States Court of Appeals
Fifth Circuit.

April 16, 1968.

Rehearing Denied May 14, 1968.

Robert C. McDiarmid, John C. Eldridge, Attys., Dept. of Justice, Washington, D. C., Carl Eardley, Acting Asst. Atty. Gen., Ernest Morgan, U. S. Atty., Morton Hollander, Attorney, Department of Justice, Washington, D. C., for appellant.

Don Studdard, Potash, Cameron, Bernat & Studdard, El Paso, Tex., for appellee.

Before COLEMAN, AINSWORTH and DYER, Circuit Judges.

DYER, Circuit Judge.

By a final judgment of a Texas state court Gretchen E. Smith was granted a divorce from Robert E. Smith and their community property, including his pay account as a retired United States Army Warrant Officer, was divided equally between them.

A property settlement agreement was executed by the Smiths and adopted by the Texas court.[1] Mr. Smith, as he had

---

1. The agreement provided in pertinent part:

3. 50% interest in and to the retired pay account of Robert E. Smith earned by him as member of the Armed Forces of the United States of America during his military service. In this connection, Robert E. Smith does hereby assign and transfer, absolutely, unconditionally and irrevocably, unto Gretchen E. Smith, or her executors, administrators or assigns, 50% of all his right, title and interest in and to the retired pay account earned as a member of the Armed Forces of the United States of America.

* * * * *

5. In order to properly handle the division of the monthly payment from the retired pay account, it is agreed that the monthly payment will be made to the order of ROBERT E. SMITH and then mailed to the State National Bank of El Paso, San Antonio & Oregon Streets, El Paso, Texas. ROBERT E. SMITH hereby irrevocably contracts and agrees that this is a permanent and irrevocable direction and request for the forwarding of the retired pay check and that the Retired Pay Division, Finance Center, United States Army, Indianapolis 49, Indiana, may rely upon

agreed to do, sent a letter to the Retired Pay Division, Finance Center, United States Army, "irrevocably" directing it to mail his retirement check to the State National Bank of El Paso, Texas, and enclosed a copy of the agreement. Mr. Smith also executed a power of attorney naming the same bank his agent to receive and deposit the retirement checks from the United States and to divide the proceeds of the payments between himself and Mrs. Smith. In accordance with these instructions, the Retired Pay Division mailed the first retirement check to the El Paso Bank where it was divided. Subsequently, however, Mr. Smith requested the Retired Pay Division to mail his check to his post office box in El Paso. The Army complied with this request, and Mr. Smith thereafter failed to pay any money to Mrs. Smith. Thereupon suit was brought in the United States District Court by Mrs. Smith against the United States and Mr. Smith. Jurisdiction over the United States was asserted under the Tucker Act, 28 U.S.C.A. § 1346(a), and under the Declaratory Judgment Act, 28 U.S.C.A. § 2201 et seq. The United States moved to dismiss the complaint for lack of jurisdiction. The parties agreed that there were no issues of fact to be decided. The District Court held that Mr. Smith had made an irrevocable assignment of his retirement pay and that the United States was bound thereby. A judgment was entered against the United States and Mr. Smith jointly in the sum of $3,768.00, representing fifty percent of the amount of Mr. Smith's retirement pay which had not been received by Mrs. Smith, and it was further ordered that Mrs. Smith was entitled in the future to receive one half of each of Mr. Smith's retirement pay checks. The United States alone appealed.

■ To sustain jurisdiction Mrs. Smith's argument is based upon this syllogism: Since the retirement pay of a member of the Armed Forces is considered in Texas as an earned property right, Kirkham v. Kirkham, Tex.Civ.App. 1960, n. w. h., 335 S.W.2d 393, and since under the community property law and the judgment of the Texas Court she is entitled to 50% of this property right, and since the retired pay account was created and is governed by acts of Congress, Mrs. Smith's cause of action is within the purview of the Tucker Act.[2] Alternatively, that there was in effect an assignment of 50% of the retired pay account to Mrs. Smith by operation of the Texas law, Kirkham v. Kirkham, supra, and since the retirement funds due Mrs. Smith were payable in the first instance for services rendered, the claim is founded on contract.[3] Neither contention has merit. Both attempt an impermissible

---

this provision of this contract, and it is agreed by ROBERT E. SMITH that he will not, at any time, request that the check be forwarded any place else or in any other manner, and that in the event such a request were made, the Retired Pay Division is hereby granted authority from ROBERT E. SMITH to refuse any such request, as it is intended by this agreement that said check shall permanently be mailed to the State National Bank, in order to carry out the terms of this contract and the division of the retired pay account between the parties hereto.

2. The Tucker Act, 28 U.S.C. Section 1346 (a) (2) provides jurisdiction over the United States as follows:

(a) (2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

3. Jurisdiction was also claimed by Mrs. Smith under the Declaratory Judgment Act, 28 U.S.C.A. §§ 2201, 2202. This Act, however, plainly does not confer an independent source of jurisdiction upon courts for a suit against the government, since relief thereunder is premised upon the existence of a judicially remediable right. E. g., Schilling v. Rogers, 1960, 363 U.S. 666, 677, 80 S.Ct. 1288, 4 L.Ed.2d 1478; Powers v. United States, 7 Cir. 1955, 218 F.2d 828, 829; see, Anderson v. United States, 5 Cir. 1956, 229 F.2d 675, 677.

fusion of Mrs. Smith's state created right against Mr. Smith, with the unrelated and unassignable federally created statutory right of Mr. Smith to receive retirement pay. His retirement pay is not based upon an express or implied contract, but is governed entirely by statute. 10 U.S.C.A. §§ 1293, 1315, 1371. Neither do the regulations confer any rights upon Mrs. Smith. AR 37–104–1, § 7–2. There is thus no predicate here for a Tucker Act suit.

While the assignment of fifty percent of his retired pay by Mr. Smith to Mrs. Smith in the property settlement agreement, and the finding of Mrs. Smith's entitlement to it as her share of the community property in the divorce decree may be valid between the parties to it (which we need not and do not decide), the United States was not a party to the state action and cannot be bound by it. See e. g. Cruz v. Gardner, 7 Cir., 1967, 375 F.2d 453; United States v. Leventhal, 114 U.S.App.D.C. 340, 1963, 316 F.2d 341; Fennell v. United States, 5 Cir., 1933, 67 F.2d 768; Ramsey v. United States, 5 Cir., 1932, 61 F.2d 444.

Mrs. Smith's reliance upon Mr. Smith's "irrevocable" letter direction to the Army to send future checks to the El Paso bank is also unavailing. The assignment of fifty percent of the retired pay account clearly does not comply with the requirements of the Anti-Assignment Act, 31 U.S.C.A. § 203,[4] the purpose of which is "to prevent possible multiple payment of claims, to make unnecessary the investigation of alleged assignments, and to enable the Government to deal only with the original claimant." United States v. Aetna Casualty and Surety Co., 1949, 338 U.S. 366, 373, 70 S.Ct. 207, 211, 94 L.Ed. 171. Moreover, *no serviceman* may assign his pay in advance of the date it becomes due and payable. 37 U.S.C.A. § 701(a) and (c). State law, of course, cannot be superimposed upon or take precedence over federal statutes and regulations.

Mrs. Smith's asserted claim against the United States does not arise from any constitutional provision, act of Congress, regulation, or contract, express or implied, with the United States. There was therefore no jurisdiction in the District Court to entertain the suit against the United States.

Reversed.

---

**4.** The Act provides *inter alia* that all assignments made of any interest in a claim upon the United States shall be absolutely null and void unless executed after the allowance of such a claim and the issuance of a warrant for the payment thereof.