Leonard **PREWITT**, Executive Secretary of the Teacher Retirement System, et al., Appellants,

v.

Pamela S. **SMITH**, Appellee.

No. 12315.

Court of Civil Appeals of Texas, Austin.

Oct. 15, 1975.

John L. Hill, Atty. Gen., John Reeves, Asst. Atty. Gen., Austin, for appellants.

John P. Jones, Domestic Relations, Travis County, Austin, for appellee.

O'QUINN, Justice.

By judgment in a divorce action entered in August of 1973 George Michael Smith was ordered to pay the sum of $300 per month for child support. Thereafter Smith terminated his membership in the Teacher Retirement System of Texas, and in October of 1974 made application for refund of his accumulated contributions to the System. In compliance with Smith's application, the System caused to be issued a state warrant dated January 8, 1975, in the sum of $3,656.51, drawn by the Comptroller of Public Accounts on the State Treasury.

This appeal is from an order of temporary injunction issued by district court of Travis County to enjoin Leonard Prewitt, in his capacity as executive secretary of the Teacher Retirement System, from honoring any warrant of the state "paying out any sum of money" to George Michael Smith. The trial court's judgment also extended a temporary restraining order to prevent the State Treasurer from honoring and paying the warrant.

The trial court acted without authority to interfere with administrative of-

ficers and agents of the state in the lawful exercise of duties committed to them by law. The judgment will be reversed and the temporary injunction dissolved.

This action was brought by counsel for the domestic relations division in Travis County in behalf of Pamela S. Smith, former spouse of George Michael Smith. After the trial court entered its temporary restraining order directing Prewitt to issue a "stop-payment" order and enjoining Prewitt and the State Treasurer from paying or honoring a state warrant, the Attorney General made a special appearance in compliance with Rule 120a, Texas Rules of Civil Procedure, in behalf of the state officials, who at that time had not been served with citation.

The Attorney General moved to dissolve the temporary restraining order and challenged the jurisdiction of the court to restrain or enjoin state officials performing in their official capacities. The Attorney General pleaded that under provisions of the Texas Education Code contributions to the Teacher Retirement System refunded to members are exempt from "garnishment, attachment, or any other process whatsoever." (Sec. 3.07, V.T.C.A., Texas Education Code). The trial court on January 29, 1975, denied the special appearance, found it had jurisdiction to maintain the *status quo*, and extended the temporary restraining order.

From time to time thereafter the temporary restraining order was extended until hearing was obtained on the temporary injunction on March 4, 1975, after which this appeal was perfected.

The duties of the state officials involved in this action are stated in statutes, as indicated. Prewitt's duties, as executive secretary of the Teacher Retirement System, are:

"Whenever any person ceases to be a member of the retirement system, except by death or retirement . . . *he shall be paid*, after applying in writing . . . *all accumulated contributions* in his individual account in the member savings account;

his account shall be closed, and his membership (if not previously ended) shall be terminated." (Emphasis supplied) (Sec. 3.52(b), Texas Education Code)

The duty of the State Treasurer with respect to payment of warrants is:

"The Treasurer *shall countersign and pay all warrants drawn by the Comptroller* on the Treasury which are authorized by law. No money shall be paid out of the Treasury except on the warrants of the Comptroller . . . ." (Emphasis supplied) (Article 4371, Vernon's Anno.Tex.Sts., Acts 1931, 42nd Leg., p. 396, ch. 242, sec. 1).

It is undisputed that the state warrant issued to George Michael Smith was authorized by law and was validly drawn on the Treasury by the Comptroller of Public Accounts as required by law.

The Constitution of Texas, Article II, section 1, provides that the powers of government "shall be divided into three distinct departments" and prohibits one department from exercising the power properly "attached to either of the others."

■ It is settled law in this state that the courts do not have jurisdiction to enjoin or otherwise interfere with executive or administrative officials of the state in the lawful exercise of duties and functions committed to them by law. *State v. Ferguson*, 133 Tex. 60, 125 S.W.2d 272, 276 (1939); *McKinney v. Blankenship*, 154 Tex. 632, 282 S.W.2d 691, 694 (1955); *Turner v. Bennett*, 108 S.W.2d 967 (Tex.Civ.App., Beaumont 1937, no writ). See also 43 C.J.S. Injunctions § 122, for statement of the general rule: "Public officers will not be restrained from the payment or other disposition of public funds where in so doing they are acting lawfully and within the authority vested in them."

Appellee contends that Section 3.07 of the Texas Education Code, which the Attorney General urges prevents refunded contributions to the retirement system from being seized by garnishment, attachment, "or any other process whatsoever," was repealed by

implication through later enactment of Section 14.05(c) of the Texas Family Code which provides, "The court may order the trustees of a *spendthrift or other trust* to make disbursements for the support of the child to the extent the trustees are required to make payments to a beneficiary who is required to make support payments . ." (Emphasis supplied)

Appellee's contention is without merit. It is clear from its terms that the provisions of Article 14.05(c) are limited to "spendthrift or other trust" of like nature and have no application to funds of public retirement system held by state officials for the benefit of members of the System. To give the statute the construction insisted upon by appellee would place the law in conflict with section 67, Article XVI, of the Constitution authorizing the Legislature to establish systems of retirement and providing that "the assets of a system are held in trust for the benefit of members and may not be diverted." (Adopted by electorate April 22, 1975). Funds of a retirement system are part of a member's compensation or wages which are not subject to garnishment. *Byrd v. City of Dallas*, 118 Tex. 28, 6 S.W.2d 738, 741 (1928); Article XVI, sec. 28, Constitution of Texas.

The trial court on five occasions extended the temporary restraining order between entry of the original order in January and hearing on temporary injunction on March 4, 1975. In its order of temporary injunction in March the court further extended the temporary restraining order as to the State Treasurer. Each extension ordered was over objection by the Attorney General. The court's order of March 12, 1975, further extending the temporary restraining order as to the State Treasurer, converted the temporary restraining order to a temporary injunction as a matter of law, and the Treasurer's appeal from that order has been entertained by this Court. *Alpha Petroleum Company v. Terrell*, 122 Tex. 257, 59 S.W.2d 364, 367 (Tex.Comm'n App.1933, opinion in its entirety adopted by Sup.Ct., 59 S.W.2d 372).

The judgment of the trial court is reversed. Judgment is rendered dissolving the temporary injunction and all other restraining orders which may be in effect and which would interfere with or prevent payment of Trust and Suspense Warrant No. E–317193 as drawn by the Comptroller of Public Accounts on the State Treasury.

Reversed and rendered.