Fred COLLIDA et al., Appellants,

v.

Florence COLLIDA, Appellee.

No. 7914.

Court of Civil Appeals of Texas, Beaumont.

Feb. 3, 1977.

Rehearing Denied Feb. 24, 1977.

Jon Burmeister, George Wikoff, Port Arthur, for appellants.

Harold Plessala, Port Arthur, for appellee.

STEPHENSON, Justice.

Florence Collida, as petitioner, brought this suit for divorce as against Fred Collida, as respondent, and made the Board of Firemen's Relief and Retirement Fund Trustees of Port Arthur, Texas (The Board), a party to this action. Trial was before the court, and the divorce was granted, and Mrs. Collida was awarded custody of the minor child. Mr. Collida was ordered to pay child support and the community property was divided.

Both Mr. Collida and The Board have appealed and the sole point of error is that the trial court erred in ordering The Board to pay directly to Mrs. Collida one-half of the monthly retirement benefits in the Firemen's Relief and Retirement Fund. The undisputed evidence showed Mr. Collida's interest in such fund had become vested, he had retired and monthly payments had begun.

It is not contended by these appellants that Mrs. Collida was not entitled to one-half of the benefits as her interest in the community property. That question has long been settled in this state. See *Busby v. Busby*, 457 S.W.2d 551 (Tex.1970). No contention is made that the trial court abused its discretion in the division that was made of the community estate. The sole contention made is that the only relief available to Mrs. Collida is for the trial court to create a constructive trust whereby the money would be paid directly to Mr. Collida who would be a trustee as to her interest and would be ordered to send the one-half interest to her.

The argument is made in support of such contention that this retirement fund is controlled by *Article 6243e, § 13, Tex.Rev.Civ. Stats.Ann. (1970)*. The essence of this argument is that such statute prohibits assignment of these funds, and a court order as we have in this case is, in effect, an assignment of the funds. There are no Texas cases passing directly upon the question before this court.

An *amici curiae* brief was filed by the Attorney General of this state on behalf of the State Firemen's Pension Commission, the Teacher Retirement System of Texas, and the Employees Retirement System of Texas. Such brief states the various retirement acts contain similar provisions to the one before us, that is, *Section 3.07, Tex. Educ. Code Ann. (1972)* (Teacher Retirement Act), and *Section 9 of Article 6228a, Tex.Rev.Civ.Stats.Ann. (1970)* (State Employees Retirement Act). The statement is made that only the last provision (State Employees Retirement Act) has been construed by an appellate court and *Prewitt v. Smith*, 528 S.W.2d 893 (Tex.Civ.App.—Austin 1975, no writ), is cited. We have concluded that case is not controlling as to the question before us. In the *Prewitt Case* a divorce had been granted and the husband ordered to pay child support. The husband later terminated his membership in the Teacher Retirement System of Texas and made application for a refund of his contributions. The wife obtained a temporary injunction from the trial court enjoining the executive secretary of such fund from paying out the money. There is no indication that the wife had any vested interest in the retirement fund and, under the circumstances, she was in the position of a creditor. We have found no case in which the retirement benefits in any of the three funds mentioned above were found to be community funds and divided between the parties by judicial decree. We are convinced the question before us is one of first impression.

We have been cited *United States v. Smith*, 393 F.2d 318 (5th Cir. 1968), as supporting respondent's position. In a divorce case the community property, including U.S. Army retirement pay, was divided equally between the parties. Mr. Smith sent a letter to the Retired Pay Division of the U. S. Army Finance Center, directing that agency to mail his retirement check to a bank which was authorized to divide the money between Mr. and Mrs. Smith. The first check was mailed and divided, but Mr. Smith then wrote a second letter directing

that all future checks be mailed to him. No further checks were mailed to the bank and Mrs. Smith filed this suit in the federal district court. That trial court granted the relief sought but the circuit court reversed and rendered judgment that the trial court had no jurisdiction of the matter. That was the only question actually decided by the appellate court even though other pronouncements were made which could be no more than dicta. The statement is made that the United States was not a party to the state action and could not be bound by it. Also, it is said that the assignment of fifty percent of the retired pay account did not comply with the requirements of the Anti-Assignment Act, 31 U.S.C.A. § 203. Finally, it is stated that state law cannot be superimposed upon or take precedence over federal statutes and regulations. The many differences in that case and the one before us are obvious.

This court handed down an opinion on January 13, 1977, in *DiMatteo v. Thibodeaux* (Tex.Civ.App.—Beaumont 1977) (Our No. 7880, not yet reported). A somewhat similar situation existed in that the division of retirement benefits was involved. The employer was made a party to the suit and this court held that its motion to dismiss was properly granted by the trial court. We held that *Article 5221d, Tex.Rev.Civ. Stats.Ann.* (1971), gave the wife adequate protection without the necessity of making the employer a party to the suit. There is serious doubt that the petitioner in the case before us will have adequate protection from that statute alone. The Board has made the position clear that the retirement benefits will not be divided between the parties unless it is ordered to by the court. We, therefore, proceed to rule directly on this question.

■ After a careful reading and study of *Section 13, Article 6243e*, we have concluded it is a "spendthrift" provision and its intended purpose is to protect the benefits and interest in the fund from the creditors and assignees of the member, even from judicial decree. But we do not find Mrs. Collida to be either a creditor or an assignee

of Mr. Collida. That meaning would require considerable strain upon the language used. As stated above, the interest in the fund is community property and the trial court found such interest to be one-half. The trial court merely ordered the executive secretary to make two checks instead of one and send Mrs. Collida's check directly to her for her one-half interest.

■ The evidence in the record before us leads us to believe that this may be the only way Mrs. Collida has any assurance that she will receive her part. The evidence shows these parties had been married almost thirty years when Mr. Collida quit his job and moved to California without notice to Mrs. Collida. He withdrew $12,000 as severance pay and, on a preliminary hearing, testified he lost it all one night gambling in Las Vegas. After a recess he testified that he had spent $5,000 and still had $7,000 on hand. This court takes judicial knowledge that a constructive trust under circumstances of this case would not afford Mrs. Collida adequate protection. The collection of this money, not being child support, could not be enforced under the Uniform Reciprocal Enforcement of Support Act. The only remedy available, with Mr. Collida outside of the state, would be a suit on the judgment if he could be found, as the payments accrued. The point of error is overruled.

Judgment affirmed.

KEITH, Justice, concurring.

Upon my own motion, and before the filing of any motion for rehearing, I withdraw the concurring opinion which I filed in the matter above captioned on February 3, 1977, and substitute this concurrence in lieu thereof.

I concur with Justice Stephenson's disposition of this cause but as to one facet of the case, I would go farther than he does. Speaking of the opinion in *Prewitt v. Smith,* 528 S.W.2d 893 (Tex.Civ.App.—Austin 1975, no writ), Justice Stephenson says: "We have concluded that case is not controlling as to the question before us."

The *Prewitt Court* properly held that the trial court did not have jurisdiction to en-

join or otherwise interfere with executive or administrative officials of the state in the lawful exercise of duties and functions committed to them by law. (528 S.W.2d at 895)

However, the jurisdiction of the Court of Civil Appeals in *Prewitt* was appellate, i. e. derivative. If the trial court lacked jurisdiction, the Court of Civil Appeals "acquires none on appeal, except to declare the invalidity of the proceedings in the trial court and to set them aside." *Family Investment Co. of Houston v. Paley,* 356 S.W.2d 353, 355 (Tex.Civ.App.—Houston 1962, writ dism'd), and authorities therein cited. See also, *Crawford v. Siglar,* 470 S.W.2d 915, 918 (Tex.Civ.App.—Texarkana 1971, writ ref'd n. r. e.).

Thus, the *Prewitt Court* had no jurisdiction to make any decision upon the merits of the controversy. When it attempted to pass upon the contentions of the parties (as shown in syllabi 3 and 4 on page 896), its comments were at most obiter dictum. In *Grigsby v. Reib,* 105 Tex. 597, 153 S.W. 1124, 1126 (1913), the Court defined dictum as: " 'An opinion expressed by a court, but which, not being necessarily involved in the case, lacks the force of an adjudication; . . . ' " So it is with the expression found in *Prewitt* relating to the funds in the retirement system.

If the dictum in *Prewitt* is allowed to stand unchallenged, we may expect counsel to use it as a bar to effective judicial division of community property rights in pension and retirement plans or the enforcement of child support orders under *Tex. Family Code Ann. § 14.05(c) (1975).* I submit that the statutory provisions exempting funds in the retirement systems from forced seizure were designed to secure the pensioner and his family from improvidence and want. Such provisions were not designed to aid a member in escaping his lawful obligations to his wife and children. Such has been the holding in other states and may very well become the law in Texas in an appropriate case. See, e. g., *Fischer v. Fischer,* 13 N.J. 162, 98 A.2d 568, 570 (1953); *Courtney v. Courtney,* 251 Wis. 443, 29 N.W.2d 759, 762 (1947); and *Mahone v. Mahone,* 213 Kan. 346, 517 P.2d 131, 133 (1973).

I would follow *Prewitt* only insofar as it holds that the trial court there had no jurisdiction; I would not follow it insofar as it attempts to pass upon the spendthrift clauses in the statutory pension plans. Consequently, and regardless of any language which might be found in *Prewitt,* I concur in the affirmation of this case.