Akard S. BEALL, Appellant,

v.

Honorable George W. STRAKE, Jr., Secretary of State, State of Texas et al., Appellees.

No. 13329.

Court of Civil Appeals of Texas, Austin.

Dec. 17, 1980.

Rehearing Denied Jan. 14, 1981.

Allan R. Lazor, David D. Peden, Jr., Rickie & Greenberg, Houston, for appellant.

Mark White, Atty. Gen., Thomas M. Pollan, Catherine Fryer, Asst. Attys. Gen., Austin, Al Schulman, Houston, for West Knoll Townhouses, Inc., and Alvin E. Babbitt.

SMITH, Justice.

The court below entered two separate judgments in this case. The first was an order which sustained a plea in abatement and dismissed the defendant West Knoll Townhouses, Inc., and the intervenor Alvin E. Babbitt. The second was a judgment which granted a motion for summary judgment filed by defendant, George W. Strake, Jr., Secretary of State. From this action of the trial court, appellant, Akard S. Beall, has perfected this appeal.

We will affirm the trial court's judgment.

The present case is part of a dispute which bloomed into litigation in 1974 when West Knoll Townhouses, Inc., brought an action against appellant and a Dr. Charles Graham in the 85th District Court of Brazos County, Texas. Included as parties in that suit was appellee, Alvin E. Babbitt and also his mother, Nona H. Babbitt. This original suit, with its claims and counterclaims, is still pending.

Prior to October 22, 1979, Alvin E. Babbitt and Nona H. Babbitt, owned 49 and 51 percent respectively of the issued common stock of West Knoll Townhouses, Inc. On that date a Harris County constable seized the stock of Nona H. Babbitt to satisfy an outstanding judgment which another party had against her. Subsequent to the seizure, the judgment creditor was advised that the corporation's stock would be rendered worthless prior to an execution sale. This precipitated a suit by the judgment creditor filed in the 234th District Court of Harris County, Texas, seeking to restrain West Knoll Townhouses, Inc., its counsel, officers and directors from engaging in any act calculated to reduce the value of the stock. An ex parte temporary restraining order was at first issued; however, on October 31, 1979, after hearing, a temporary injunction was denied.

On the same day, October 31, 1979, after the temporary injunction was denied, two events occurred. First, the two stockholders of record, Alvin E. Babbitt and Nona H. Babbitt, adopted Articles of Dissolution and by a deed which was promptly recorded, transferred the corporate assets to themselves as the sole stockholders. Second, this suit was filed in the 126th District Court of Travis County, Texas, by appellant, Akard Beall, seeking both interlocutory and permanent injunctive relief to prohibit the Secretary of State from issuing a certificate of dissolution to West Knoll Townhouses, Inc. An ex parte temporary restraining order was initially issued by the court.

On November 6, 1979, the Harris County constable sold at an execution sale, the stock of Nona H. Babbitt to appellant, Akard Beall, for the nominal sum of $100.00. After purchasing the stock, appellant amended his pleading in the present case and joined as a defendant West Knoll Townhouses, Inc., and asked that the court declare the Articles of Dissolution void. After the joinder of West Knoll Townhouses, Inc., as a party, but before it was required to, or had made its appearance, the court issued a temporary injunction against the Secretary of State. Appellee, Alvin E. Babbitt, then intervened.

Meanwhile, back in Brazos County, Alvin E. Babbitt and Nona H. Babbitt, filed a motion in that case asking that West Knoll Townhouses, Inc., be dropped as a party and for cause they contended that the corporation had been dissolved and that they were the owners of all demands, claims or causes of action previously belonging to the corporation. Appellant resisted this motion asserting the facts of the seizure of Nona H. Babbitt's stock and the sale and purchase of the same at the execution sale by appellant. Appellant maintained that the attempted dissolution was ineffective and void as a matter of law. On January 17, 1980, appellant's contest of this motion was overruled by the Brazos County court and West Knoll Townhouses, Inc., was dismissed as a party by an order entered by the court.

On April 30, 1980, the Travis County district court, in the present case, sustained West Knoll Townhouses, Inc.'s, plea in abatement and dismissed it as a party along with the intervenor, Alvin E. Babbitt. In its order, the court listed as reasons, *inter alia*, "(1) There is another action pending between these parties, the Brazos County litigation, wherein the Court has all the parties before it and said Court has ruled against Plaintiff." Thereafter, on June 13, 1980, the Travis County court granted the motion for summary judgment on behalf of appellee, George W. Strake, Jr., Secretary of State, finding as a matter of law that the court did not have jurisdiction to enjoin the Secretary of State from performing the duties imposed upon him by Tex.Bus.Corp. Act Ann. art. 6.07 (1980). Appellant then filed an original proceeding in this Court asking for an injunction against the Secretary of State pending the appeal from the trial court. This Court then heard appellant's application and on July 2, 1980, issued an injunction solely to protect our jurisdiction as authorized by Tex.Rev.Civ.Stat.Ann. art. 1823.

Appellant complains of the trial court's action in granting a summary judgment for George W. Strake, Jr., Secretary of State, and contends that the trial court did have jurisdiction to enjoin the Secretary of State from issuing a certificate of dissolution to West Knoll Townhouses, Inc. Appellant argues that having been put on notice that all the shareholders did not sign the Articles of Dissolution as required by Tex.Bus.Corp. Act Ann. art. 6.02 (1980), then the issuance of a certificate of dissolution as mandated by Tex.Bus.Corp. Act Ann. art. 6.07, would be an illegal act by an executive officer and thus the proper subject of an injunction. We disagree.

■ A court in Texas does not have the jurisdiction to enjoin or to interfere with an executive officer of the state in the lawful exercise of duties and functions committed to them by law. *McKinney v. Blankenship*, 154 Tex. 632, 282 S.W.2d 691 (1955); *State v. Ferguson*, 133 Tex. 60, 125 S.W.2d 272 (1939); *Prewitt v. Smith*, 528 S.W.2d 893 (Tex.Civ.App.—Austin 1975, no writ).

■ The duty of the Secretary of State, set out in Tex.Bus.Corp. Act Ann. art. 6.07, to issue a certificate of dissolution to the representative of a dissolved corporation when presented with Articles of Dissolution which conform to the requirements of Tex. Bus.Corp. Act Ann. arts. 6.02 and 6.06 is purely ministerial and mandatory and is beyond the power of a court to enjoin.

To hold otherwise would effectively suspend the enforcement of a valid statute in violation of Tex.Const. art. I, § 28 (1876).

"Not only may judges and courts not suspend a statute, but neither may they supervise and direct the manner and method of its enforcement by the officers of the executive department of government charged with the duty of enforcing same. This principle is basic in our system of government."

*State v. Ferguson, supra.*

Appellant next contends that the trial court erred in granting the "Pleas in Abatement" of West Knoll Townhouses, Inc., and Alvin E. Babbitt, on the grounds stated in the court's order. Appellant argues that the Brazos County case is not the same in that there are different issues involved and different parties.

This is true in the sense that there are more issues and additional and different relief being sought in the Brazos County suit than in the present case. Also, Dr. Graham and Nona H. Babbitt are parties in the Brazos County suit and are not parties in the present case. The Secretary of State is not a party in Brazos County but is in the present case.

Appellant in the present case has pleaded two separate and distinct causes of action against two separate and distinct parties. This he was permitted to do under our liberal rules of procedure. (See Tex.R. Civ.P. 40, 41, 51). The two defendants in this case, the Secretary of State and West Knoll Townhouses, Inc., might have been properly severed under Tex.R.Civ.P. 174. Under these circumstances, the fact that the Secretary of State is not a party in the Brazos County suit is immaterial.

888

Thus viewing appellant's complaint and considering the relief appellant sought against West Knoll Townhouses, Inc., we have concluded that these two identical parties with identical issues were before the court in the Brazos County suit. Not only are the issues and parties before each court identical, the Brazos County court has, by order, disposed of the issue adversely to appellant's contention. Under these facts, we find it immaterial that there are other parties and other issues before the Brazos County court yet to be resolved.

The principles involved here are well settled. Where a controversy between two parties is filed in a court of competent jurisdiction, and jurisdiction has attached, it is thereafter withdrawn from the authority and jurisdiction of all other courts of coordinate power. *Ex parte Lillard*, 159 Tex. 18, 314 S.W.2d 800 (1958); *Cleveland v. Ward*, 116 Tex. 1, 285 S.W. 1063 (1926).

In *Curtis v. Gibbs*, 511 S.W.2d 263 (Tex. 1974), Chief Justice Greenhill observed:

"The general common law rule in Texas is that the court in which a suit is first filed acquires dominant jurisdiction to the exclusion of other coordinate courts. Any subsequent suit involving the same parties and the same controversy must be dismissed if a party to that suit calls the second court's attention to the pendency of the prior suit by a plea in abatement." (Citations omitted).

Appellant's contentions on these points are overruled.

Appellant has raised other points in his brief which we have carefully considered, but do not reach in light of the disposition we have determined proper on the two points which we have discussed.

The action of the trial court in all things is affirmed and the temporary injunction entered by this Court in original proceeding number 13,302 is dissolved.