956 P.2d 1243

**Guillermina Suarez PARADA, Plaintiff/Appellee,**

v.

**Ana PARADA, Defendant/Appellant.**

**No. 2 CA–CV 97–0042.**

Court of Appeals of Arizona, Division 2, Department A.

Sept. 30, 1997.

Review Granted May 21, 1998.

J. Marc Montijo, Tucson, for Plaintiff/Appellee.

Machado and Gonzales, P.C. by Jose Luis Machado, Nogales, for Defendant/Appellant.

## OPINION

DRUKE, Chief Judge.

In this appeal from summary judgment, we decide whether the trial court properly granted the former spouse of a now-deceased member of the Public Safety Personnel Retirement System (PSPRS) a community interest in the death benefits provided to the member's then-surviving spouse. We reverse and remand for further proceedings.

Raul and Guillermina Parada dissolved their marriage in September 1987. The dissolution decree awarded Guillermina "50% of [Raul's] retirement benefits" in PSPRS and required him to name her "as an irrevocable beneficiary of 50% of any death benefits" in PSPRS. After Raul married his second wife Ana, he and Ana jointly assigned to Guillermina "50% of any and all benefits payable from [PSPRS], be these retirement benefits, death benefits or refund benefits," and Ana individually assigned to Guillermina "50% of any and all benefits payable to [Ana] or to which she may be entitled from [PSPRS]." By stipulation, these assignments were included in a modified dissolution decree.

Guillermina received fifty percent of Raul's retirement benefits until he died in the fall of 1995. As Raul's surviving spouse, Ana began receiving the death benefits but refused to pay fifty percent to Guillermina. Guillermina sued Ana for breach of contract and quantum merit. Both parties moved for summary judgment and the court granted Guillermina's, finding that she had a community interest in the death benefits. Ana appealed.

A trial court may grant summary judgment only if "there is no genuine issue as to any material fact and ... the moving party is

entitled to a judgment as a matter of law." Ariz.R.Civ.P. 56(c), 16 A.R.S. Based on the record before us, we find an unresolved material fact issue that precluded summary judgment.

■ We first consider whether Raul and Ana could assign fifty percent of the death benefits to Guillermina. They could not. Section 38–850, A.R.S., provides in pertinent part that PSPRS benefits "shall not be subject in any manner to ... assignment ..., either voluntary or involuntary, prior to actually being received by the person entitled to the benefit ..., and any attempt to ... assign ... any such right hereunder shall be void." This provision of the statutes governing PSPRS clearly prohibits the attempted assignment in this case and unequivocally renders it void.

We now address whether Guillermina had a community interest in the death benefits. In *Koelsch v. Koelsch*, 148 Ariz. 176, 713 P.2d 1234 (1986), our supreme court held that upon dissolution of marriage, a lump sum award should be made to the non-employee spouse of his or her community interest in the present value of the other spouse's defined contribution retirement plan. The court said the trial court should order that the lump sum award be satisfied by other community property, by full payment on a specific date, or by secured, interest-bearing deferred payments, but not by payments from the employee's retirement benefits unless "the lump sum method would be impossible or inequitable." 148 Ariz. at 184–85, 713 P.2d at 1242–43. *See also Johnson v. Johnson*, 131 Ariz. 38, 42, 638 P.2d 705, 709 (1981) ("It is our view that the present cash value method is preferred if the pension rights can be valued accurately and if the marital estate includes sufficient equivalent property to satisfy the claim of the non-employee spouse without undue hardship to the employee spouse."). The supreme court in *Koelsch* specifically declined to address, however, the question presented here of whether "an ex-spouse should share in the benefits payable to a current spouse or a child upon the death of the employee according to the former spouse's property interest in the retirement

benefits." 148 Ariz. at 182 n. 5, 713 P.2d at 1240 n. 5.

■ We believe the answer depends on the nature of the employee spouse's retirement plan. Two kinds of plans have been recognized, the "defined contribution" plan, which *Koelsch* considered, and the "defined benefit" plan.

Under a defined contribution plan, a specified amount of money is periodically contributed to a fund by the employer, the employee, or both.... At any moment in time, there is a specific amount of money assigned to the account of each participant. These plans are thus analogous to a savings account.... By contrast, under a defined benefit plan, [such as military retirement,] the benefits are specified in advance, usually as a percentage of salary and related to years of service, and no account is kept for the employee.

*Johnson*, 131 Ariz. at 42, 638 P.2d at 709. *See also Carpenter v. Carpenter*, 150 Ariz. 62, 722 P.2d 230 (1986).

Raul belonged to a defined contribution plan; he contributed a specific percentage of his compensation to PSPRS during his period of service. A.R.S. § 38–843(C). As with a savings account, Raul could have withdrawn his "accumulated contributions from the system" if he had terminated his employment for reasons other than death or retirement. § 38–846.02. "Accumulated contributions" means, in relevant part, "the amount of the member's aggregate contributions made to the fund ... minus the benefits paid to or on behalf of the member." § 38–842(2).

■ Because a defined contribution plan is similar to a savings account, we conclude that the non-employee spouse's interest in the plan cannot exceed his or her community interest in the present value of the plan at dissolution. Our conclusion finds support in the supreme court's almost exclusive preference, except when impossible or inequitable, for a lump sum award to the non-employee spouse of his or her community interest in a defined contribution plan. *Koelsch; Johnson.* We therefore hold that once the lump sum community interest of the non-employee spouse is satisfied, he or she has no further interest in the plan. Consequently, if Guil-

lermina's lump sum community interest in PSPRS was satisfied by the payments she received from Raul's retirement benefits before he died, she would have no interest in the death benefits; if that interest was not satisfied by those payments, she would have a community interest in the death benefits to the extent her lump sum community interest remained unsatisfied at Raul's death.

█ Ana nonetheless argues that because death benefits are payable to a member's surviving spouse under § 38–846(A), and Guillermina is an ex-spouse, she cannot have any interest in the death benefits. We disagree. Nothing in the statute evidences a legislative intent to deprive the non-employee ex-spouse of whatever community interest he or she might have in the employee spouse's death benefits. Such a result would contravene the well-established community property principle that "during marriage a husband and wife have an equal, immediate, present, and vested interest in the community assets." *Koelsch,* 148 Ariz. at 181, 713 P.2d at 1239. Thus, "[o]nce a portion of the community retirement plan is awarded to the non-employee spouse at dissolution, it becomes that individual's separate property." *Id.* As we read subsection A and the other subsections of § 38–846, they simply designate the potential beneficiaries of the member's death benefits and do not defeat any community property interest an ex-spouse might have in them.

█ As discussed above, that community interest depends on the present value of the defined contribution plan at dissolution. That value is either the plan's actuarial value at dissolution, *Tester v. Tester,* 123 Ariz. 41, 597 P.2d 194 (App.1979), or the amount then credited to the employee's account. *Johnson.* Because we find nothing in this record establishing the present value of Raul's plan at dissolution, we reverse the trial court's grant of summary judgment to Guillermina and remand the matter for further proceedings consistent with this opinion.

FLOREZ, P.J., and BRAMMER, J., concur.