8 P.3d 1153 (1999)
198 Ariz. 239
Berney D. SNYDER and Rowena N. Snyder, husband and wife; Berney D. Snyder, as Personal Representative of the Estate of Caren Dorn Thomas, Deceased, Plaintiffs/Appllees,
v.
TUCSON POLICE PUBLIC SAFETY PERSONNEL RETIREMENT SYSTEM BOARD, a political subdivision of the City of Tucson, Department A Arizona; Michael A. Thomas, Defendants/Appellants.
No. 2 CA-CV 98-0126.
Court of Appeals of Arizona, Division 2, Department A.
October 19, 1999.
Robert Gordon Clark, Tucson, for Plaintiffs/Appellees.
F. Dale Healy, Tucson, for Defendant/Appellant Tucson Police Public Safety Personnel Retirement System Board.
Edelman & Martin By David J. Martin, Lakeside, for Defendant/Appellant Michael A. Thomas.

*1154 OPINION

DRUKE, Judge.
¶ 1 Michael and Caren Thomas dissolved their marriage in 1994. The dissolution decree awarded Caren 21.61 percent of Michael's pension in the Arizona Public Safety Personnel Retirement System (PSPRS).[1] Caren was paid $458.32 per month from June 1994 until her death in December 1995. Her will devised all of her property to her parents.
¶ 2 The personal representative of Caren's estate filed an application with the Tucson Police Public Safety Personnel Retirement System Board to have Caren's share of the PSPRS benefits paid to her estate, but the Board rejected the application after Michael objected. The personal representative and devisees sought judicial review of the Board's action under the Administrative Review Act,[2] joining Michael as a defendant. The Fund Manager of the PSPRS filed a separate action for declaratory judgment on behalf of the PSPRS and interpled Caren's accruing monthly payments. The two matters were consolidated, and by stipulation, the Fund Manager was dismissed as a party. The remaining parties filed opposing motions for summary judgment, and the trial court granted summary judgment to the personal representative and devisees. Michael and the Board appealed.
¶ 3 The parties agree that the issue on appeal is whether the share of the PSPRS benefits awarded to Caren is inheritable. Neither the decree nor the statutory provisions establishing the PSPRS address this issue. Appellees, the personal representative and the devisees, argue that Caren's share is inheritable because it became her separate property upon dissolution of the marriage. They rely on Koelsch v. Koelsch,[3] in which our supreme court held that retirement benefits earned during marriage are community property and divisible by the trial court at dissolution under A.R.S. § 25-318. The court based its holding on the following community property principles: "[P]ension plans are a form of deferred compensation"; upon dissolution, "each spouse receives an immediate, present, and vested separate property interest in the property awarded to him or her by the trial court"; and the "former spouse loses any interest in and control over that separate property" awarded to the other spouse.[4]
¶ 4 The court then approved two methods for awarding a nonemployee spouse his or her community share of retirement benefits. The preferred method requires a trial court to reduce the benefits to their present value and give the nonemployee spouse a lump-sum payment at the time of dissolution. The supreme court said the lump-sum award could be satisfied, for example, from other community property or deferred interest-bearing payments. But the court stated that, "[i]f the lump sum method would be impossible or inequitable, the [trial] court can order that the non-employee spouse be paid a monthly amount equal to his or her share of the benefit which would be received if the employee spouse were to retire."[5] As with the lump-sum award, the supreme court also recognized that, for the monthly payment award, there were "several payment alternatives," including the alternative adopted here of direct payments to the nonemployee spouse "by the retirement agency."[6]
¶ 5 Appellees thus contend, and we agree, that, based on Koelsch, Caren's 21.61 percent share of Michael's PSPRS benefits became her separate property on the date the trial court entered the dissolution decree. Appellants, Michael and the Board, nonetheless argue that Caren's share is not inheritable because the decree awarded her a percentage of Michael's monthly payments rather than a lump sum. Appellants cite no authority to support their argument and, as already noted, it contravenes the principles enunciated *1155 in Koelsch. Moreover, nothing in Koelsch suggests that the method a trial court adopts to distribute a nonemployee's community share of pension benefits either affects or defeats the nonemployee's ownership of that share. Indeed, the supreme court declared in Koelsch that, "[o]nce a portion of the community retirement plan is awarded to the non-employee spouse at dissolution, it becomes that individual's separate property."[7]
¶ 6 Appellants also argue that because Caren's monthly payments were to cease at Michael's death under A.R.S. § 38-846, which provides death benefits only to a surviving spouse rather than an ex-spouse, Caren's share of the PSPRS benefits was a mere expectancy and thus uninheritable. We disagree. The supreme court made clear in Koelsch that the nonemployee spouse must receive his or her share of the retirement benefits, regardless of whether that share is distributed by lump sum or monthly payment. The court stated: "We urge the parties and the trial court to be as creative and flexible as possible, within the guidelines provided in this opinion, to ... guarantee that the non-employee spouse will receive his or her share of the pension benefits."[8] Here, the parties and trial court included that guarantee in paragraph 3.0 of the dissolution decree. The paragraph provides: "In the event Michael ... dies prior to Caren ... receiving an amount or benefit equal to the separate benefit assigned to her herein, ... Caren ... shall be entitled to survivor benefits in the [PSPRS] ... in an amount equal to the benefit herein assigned to her." So, rather than a mere expectancy, Caren received a fixed, determinable separate property share of the PSPRS benefits that would be paid in full even if Michael predeceased her.[9] And, upon Caren's death, that share became a part of her estate and inheritable under A.R.S. §§ 14-2101 or 14-2602.
¶ 7 Finally, appellants argue that the antiassignment provision of A.R.S. § 38-850(C) bars Caren's devising her share of the PSPRS benefits to her parents. Again, we disagree. Section 38-850(C) provides in relevant part:
Benefits ... payable under this system shall not be subject in any manner to ... alienation, sale, transfer, assignment, ... or levy of any kind ... prior to actually being received by the person entitled to the benefit, ... and any attempt to anticipate,... assign, ... or otherwise dispose of any such right ... shall be void.
Division One of this court stated in Haynes v. Haynes, however, that this provision only protects "`the benefits and interest in the fund from the creditors and assignees of the member' [and, thus, a] wife's claim on the fund is not as an assignee or creditor of the member, but as an owner, under the community property laws of this state."[10] In short, the antiassignment provision simply does not apply to transfers that occur after a nonemployee spouse becomes an owner under a dissolution decree, as Caren did here. At her death, Caren's will transferred her ownership interest in Michael's PSPRS benefits to her parents. In essence, they stepped into her shoes as the owners of her share.
¶ 8 In conclusion, when the dissolution decree awarded Caren a 21.61 percent share of Michael's PSPRS benefits, that share immediately became her vested, separate property and, upon her death, was thereafter transferred by will to her parents. We therefore affirm the trial court's granting of summary judgment to appellees but, based on the terms of the dissolution decree and Parada, we express no opinion on how many monthly PSPRS payments, if any, the parents are entitled to receive. That issue was not raised below or on appeal.
CONCURRING: JOHN PELANDER, Presiding Judge, and M. JAN FLÓREZ, Judge.
NOTES
[1] A.R.S. §§ 38-841 through 38-859. Note: Only authorities, not text, will appear in the footnotes of this decision.
[2] A.R.S. §§ 12-901 through 12-914.
[3] 148 Ariz. 176, 713 P.2d 1234 (1986).
[4] Id. at 181, 713 P.2d at 1239.
[5] Id. at 185, 713 P.2d at 1243.
[6] Id.
[7] Id. at 181, 713 P.2d at 1239.
[8] Id. at 185, 713 P.2d at 1243.
[9] See Parada v. Parada, 191 Ariz. 421, 956 P.2d 1243 (App.1997), review granted, May 21, 1998.
[10] 148 Ariz. 191, 197, 713 P.2d 1249, 1255 (App. 1984), quoting Collida v. Collida, 546 S.W.2d 708, 710 (Tex.App.1977), aff'd. in part and vacated in part; Koelsch.