**SIMMONS et al. v. BRANNUM et ux.**

No. 9476.

Court of Civil Appeals of Texas. Austin.

Oct. 18, 1944.

W. T. Williams, of Austin, for appellants.

Geo. S. Dowell and Jno. C. Butler, both of Austin, for appellees.

BLAIR, Justice.

On March 15, 1944, appellees, J. G. Brannum and wife, filed a forcible detainer suit against appellant, Joe Simmons, for possession of a house and lot which he had rented from appellees. Two continuances were agreed to and the case set for April 6, 1944, in the Justice Court, at which time Simmons did not appear either in person or by attorney, and judgment was on that day rendered for appellees for possession, with writ of restitution. No notice of appeal was given by Simmons in open court, as required by Rule 749, Texas Rules of Civil Procedure, but on April 10, 1944, the justice of the peace received an appeal bond through the mail, signed by Simmons as principal, with W. T. Williams and J..F. Hair as sureties, which bond was upon the form prescribed by Rule 750, Texas Rules of Civil Procedure for appealing the case to the County Court. On April 11, 1944, the justice of the peace delivered the transcript of all proceedings in the justice court to the clerk of the County Court at Law of Travis County.

On May 26, 1944, appellees amended their pleadings in the County Court, reasserting their forcible detainer suit, and for the first time sought to recover two items of damages for withholding the premises: (1) $150 as the reasonable rental value of the premises from and after

March 21, 1944, at $50 per month; and (2) $50 as damages to the fruit trees and shrubbery caused by appellant permitting his horse and cattle to run upon and feed upon them. A copy of these pleadings was delivered to the attorney of record for appellant in the justice court, and the case was set for trial on May 29, 1944, in the County Court. Appellant did not appear either in person or by attorney, and on that date judgment was rendered for appellees for possession of the premises, with writ of restitution, and for $113.33 as the reasonable rental value of the premises from March 21, 1944, to May 29, 1944, and for $50 as damages to the fruit trees, grass, and shrubbery injured by the live stock. Thereafter, on June 17, 1944, appellants, Simmons, Williams and Hair, filed a suit in said County Court to vacate, cancel and set aside the judgments for the rentals and damages to the trees and shrubbery, which was denied on June 22, 1944, and from which judgment they prosecuted this appeal, and also prosecuted a writ of error from the judgments awarding the damages aforementioned for appellees. These two appeals have been consolidated by this court upon motion of appellants.

The primary contention of appellants is that the court erred in holding that it acquired jurisdiction of the suit for damages for reasonable rentals and damages occurring during the pendency of the appeal from the Justice to the County Court; because no notice was given in open court of such appeal as is required by Rule 749, Texas Rules of Civil Procedure, so as to confer any jurisdiction on the County Court.

Forcible detainer is a special proceeding, and as such is governed by the special statutes and rules of practice and procedure applicable thereto. Rule 749, Texas Rules of Civil Procedure provides that either party to a forcible detainer suit may appeal from a final judgment in the Justice Court to the County Court upon complying with two conditions: (1) "by giving notice thereof in open court"; and (2) "by filing with the justice * * * a bond," conditioned as prescribed by the rule. Rule 749 reenacted or adopted Art.

3987, R.S.1925, unchanged. In construing this statute in the case of Fry v. McDuffey, 46 S.W.2d 377, this court held that such statutory notice of appeal was necessary to confer jurisdiction on the County Court or to perfect an appeal from the Justice to the County Court in a forcible detainer suit. The cases are uniform in holding that statutes requiring notice of appeal in open court are jurisdictional; and must be complied with. Western Union Tel. Co. v. O'Keefe, 87 Tex. 423, 28 S.W. 945; King v. American Nat. Bank, Tex. Civ.App., 131 S.W.2d 748, 749; Kirby v. South Texas Nat. Bank, Tex.Civ.App., 127 S.W.2d 955.

It is true that Rule 752 Texas Rules of Civil Procedure, as amended December 31, 1943, provides that either appellant or appellee may plead and prove on appeal to the County Court in forcible entry and detainer cases damages suffered "for withholding or defending possession of the premises during the pendency of the appeal." But this rule contemplates a valid appeal from the forcible detainer judgment so as to stay its execution or enforcement pending the appeal. By failing to give the statutory notice of appeal in open court Simmons did not perfect his appeal and did not confer any jurisdiction on the County Court to determine any incidental question of damages for "withholding * * * possession of the premises during the pendency of the appeal," as provided by Rule 752.

Appellees cannot claim that their judgments for the reasonable value of the rental of the premises and damages to the shrubbery are sustainable as an independent suit therefor. The total amount sued for was within the original jurisdiction of the Justice Court, and in consequence the County Court had no jurisdiction of such an independent suit. Besides appellants were not served with citation in the suit for rentals and damages, if it could be considered as an independent suit. The judgments for rentals and damages are reversed and set aside, because the County Court had no jurisdiction under our above holdings to render them.

Reversed and judgment set aside.