## HUNT v. WEEMS.
### No. 9688.

Court of Civil Appeals of Texas. Austin.
Jan. 21, 1948.

Rehearing Denied Feb. 11, 1948.

Charles L. Krueger and Wm. J. R. King, both of Austin, for appellant.

Robert C. Sneed and Louis Scott Wilkerson, both of Austin, for appellee.

McCLENDON, Chief Justice.

This is a forcible detainer case. The appeal is by Mrs. Hunt from a judgment of the County Court at Law, upon a special issue verdict, in which Mrs. Weems recovered possession of a two-room apartment, located at 2002 Red River Street in Austin, and a money judgment for $250 damages against Mrs. Hunt and the sureties upon her appeal bond from the justice to the county court.

The judgment of the County Court is final in so far as it awarded possession of the premises to Mrs. Weems. Consequently issues raised affecting that portion of the judgment will not be considered. Art. 3992, R.C.S.; St. Matthews Methodist Church v. Watrous, Tex.Civ.App., 191 S.W. 2d 489, and cases there cited.

Mrs. Weems made no claim for rents or damages in the justice court. In the County Court she sought damages for $250 attorney's fees and $750 for deprivation of the use of the property pending appeal to the County Court under Rule 752, Texas Rules Civil Procedure (former Art. 3990, R.C.S., without here pertinent change in wording), which authorizes judgment against appellant and sureties upon the appeal bond "for withholding * * * possession of the premises during the pendency

of the appeal and also all necessary and reasonable expenses incurred in * * * defending the cause in the county court." In submitting the special issue as to the amount Mrs. Weems was "damaged by reason of defendant withholding possession of the premises," the court charged: " In this connection you are instructed that you may consider all necessary and reasonable expenses incurred in prosecuting the action, including attorney's fees, as well as plaintiff's mental pain and suffering, if any, caused by the withholding of said premises."

■ This instruction was objected to upon the ground (inter alia) that mental pain and suffering was an improper element of damages for withholding possession. We sustain this objection. No physical violence was involved, and no injury other than the retention of possession of the property. Only actual damages were alleged or shown. In his class of cases it has been uniformly held in this state that mental pain and suffering do not constitute a proper element of actual damages. A case on all fours, in principle, with that at bar, is Williams v. Yoe, 19 Tex.Civ.App. 281, 46 S.W. 659, opinion by the late Chief Justice Key of this court. There, appellee sought both actual and exemplary damages, charging "that appellant had taken possession of his law office, and closed the same up, thereby preventing appellant from entering his office, and depriving him of access to, and the use of, his said office, books, papers, etc." We read from the opinion: "The court below instructed the jury that, in estimating actual damages, they might allow the plaintiff compensation for distress of mind, humiliation, or sense of shame, and this charge is assigned as error. We sustain this assignment and reverse the case. As a general rule, mental anguish or distress of mind is not to be considered as an element of actual damages. There are exceptions, however, to this general rule, such as libel and slander cases; suits for damages resulting from failure to deliver telegraph messages announcing the last sickness or death of certain relatives;

actions to recover damages for physical injuries, accompanied by mental suffering; also suits against carriers for wrongfully ejecting passengers. But in these latter cases the mental suffering has generally been connected with physical injury or peculiar personal inconvenience. There may also be some other exceptions to the general rule. According to the averments of the plaintiff's petition, and the testimony submitted by him, the defendant did nothing more than wrongfully and unlawfully, and without violence to the plaintiff's person, deprive him of the possession and use of property that he was entitled to, and in such a case actual damages cannot be recovered as compensation for injury to feelings. Trawick v. Martin-Brown Co., 79 Tex, 460, 14 S.W. 564; Crawford v. Doggett, 82 Tex. 139, 17 S.W. 929 [27 Am.St.Rep. 859]; [Gulf, C. & S. F.] Railway Co. v. Trott, 86 Tex. 412, 25 S.W. 419 [40 Am.St.Rep. 866]"

This case has been cited and followed upon this point many times, and the holding has never been questioned.

■ Mrs. Weems is entitled to recover upon the appeal bond her actual damages of the character specified in Rule 752, within the jurisdictional amount of the County Court. See Scroggins v. Hammond, Tex. Civ.App., 121 S.W.2d 629, and cited cases.

The rule expressly authorizes recovery of reasonable expenses of prosecuting the cause in the County Court. Attorney's fee is a proper item of such expense. Shotwell v. Crier, Tex.Civ.App., 216 S.W. 262, error dis.

■ In view of another trial we will not discuss the evidence, or the elements which may be included within the recoverable actual damages. The general rules regarding such damages for wrongful withholding possession of real property, where no physical violence is involved, apply.

The trial court's money judgment is reversed and the cause remanded. The award of possession to Mrs. Weems is undisturbed.

Reversed and remanded in part and in part undisturbed.