The FAMILY INVESTMENT CO. OF HOUSTON, Inc., Appellant,

v.

J. A. PALEY et ux., Appellees.

No. 13926.

Court of Civil Appeals of Texas.

Houston.

March 29, 1962.

Rehearing Denied April 19, 1962.

James T. Pinto, Houston, for appellant.

W. H. Betts, Hempstead, for appellees.

COLEMAN, Justice.

This is an appeal from the judgment rendered by the County Court of Waller Coun-

ty dismissing an attempted appeal from a judgment in a forcible detainer action rendered by a Justice of the Peace Court, but entering judgment for appellee for her damage caused by the appeal.

The trial court dismissed the attempted appeal on two grounds: (1) that no proper appeal bond had been filed, and (2) that the description of the property contained in the complaint filed in the Justice of the Peace Court was insufficient to satisfy the requirements of the statute. The judgment of the trial court specifically recites that it lacked jurisdiction to render any judgment other than for damages.

■ It is well settled that this Court has no jurisdiction to consider appeals from judgments rendered by county courts in forcible entry and detainer actions, except where the judgment awards damages in excess of $100.00, and then only that portion of the appeal which concerns the damages awarded will be entertained. Gillam v. Baker, Tex.Civ.App., 195 S.W.2d 826; Hunt v. Weems, Tex.Civ.App., 208 S.W.2d 423.

■ If the county court failed to acquire jurisdiction of the appeal from the Justice of the Peace Court, that court lacked jurisdiction to enter a judgment for damages. It has been held that Rule 752, Texas Rules of Civil Procedure, granting the right to plead and prove in county court the damages suffered pending an appeal from the judgment of a justice of the peace in forcible entry and detainer cases, "contemplates a valid appeal from the forcible detainer judgment so as to stay its execution or enforcement pending the appeal. By failing to give the statutory notice of appeal in open court Simmons did not perfect his appeal and did not confer any jurisdiction on the County Court to determine any incidental question of damages for 'withholding * * * possession of the premises during the pendency of the appeal,' as provided by Rule 752." Simmons v. Brannum, Tex.Civ.App., 182 S.W.2d 1020. We agree

with this decision, and it determines the outcome of this appeal if in fact the trial court lacked jurisdiction as it has held. If the trial court lacks jurisdiction of a case, the Court of Civil Appeals acquires none on appeal, except to declare the invalidity of the proceedings in the trial court and to set them aside. Williams v. Steele, 101 Tex. 382, 108 S.W. 155; Chrisman v. Graham, 51 Tex. 454; Wilder v. Texas Cent. R. Co., Tex.Civ.App., 131 S.W. 607. This Court has the power to ascertain the status of its jurisdiction of a case on its own motion. St. Louis Southwestern Ry. Co. of Tex. v. Elliston, Tex.Civ.App., 128 S.W. 675; Johnson v. Henderson, Tex.Civ.App., 132 S.W.2d 458; Latshaw v. Barnes, Tex. Civ.App., 170 S.W.2d 531. It is necessary that we determine whether or not the ruling of the trial court on the question of jurisdiction was correct.

■ Appellant filed an appeal bond in the justice court. It was defective in that it was not signed by sureties. Appellant requested permission to amend the bond by securing proper sureties. The court erred in refusing this permission. Rules 2, 14a, 430 and 437, Texas Rules of Civil Procedure; Grogan Manufacturing Co. v. Lane, 140 Tex. 507, 169 S.W.2d 141; Hervey v. Forse, Tex.Civ.App., 253 S.W.2d 701. The defective bond was sufficient to confer jurisdiction over the appeal on the county court. United Ass'n of Journeymen and Apprentices, etc. v. Borden, Tex., 328 S.W. 2d 739; Speckels v. Kneip, Tex.Civ.App., 170 S.W.2d 255, error ref.; Couch v. City of Richardson, Tex.Civ.App., 313 S.W.2d 949, ref., n. r. e., certiorari denied 359 U.S. 990, 79 S.Ct. 1120, 3 L.Ed.2d 979.

■ The trial court further held that it lacked jurisdiction because the description contained in the complaint filed in the justice court was insufficient. An insufficient description in the complaint in forcible entry and detainer is not such a defect as to deprive the court of jurisdiction. Granberry v. Storey, 61 Tex.Civ.App., 9, 127 S.W. 1122. The complaint can be

amended in the Justice of the Peace Court. Evetts v. Johns, Tex.Civ.App., 76 S.W. 778. On appeal to the county court the trial is de novo. Rule 751, Texas Rules of Civil Procedure. The procedural aspects of the trial of a forcible entry and detainer case are governed by the rules of civil procedure promulgated by the Supreme Court of Texas. Rule 2, Texas Rules of Civil Procedure. These rules of civil procedure must be liberally construed to the end that a just, fair and equitable adjudication of the rights of litigants is attained. Rule 1, Texas Rules of Civil Procedure. Amendments to pleadings should be freely allowed in the absence of a showing that such amendment would prejudice the opposing party in maintaining his defense on the merits. Rule 66, Texas Rules of Civil Procedure; Martin v. Shell Oil Co., Tex.Civ.App., 262 S.W.2d 564. It has been held an abuse of discretion for a court to refuse permission to file a trial amendment where the matters sought to be pleaded and proved are essential to administration of justice, even though permitting such an amendment would require the court to grant a continuance to the opposing party. Shaw v. Tyler Bank & Trust Co., Tex. Civ.App., 285 S.W.2d 782, ref., n. r. e.

The county court had jurisdiction to determine the merits of this controversy, therefore we have jurisdiction to determine the points of error presented on this appeal.

While the action of the county court in determining the right to possession of real estate in an action of forcible detainer is final and may not be revised on appeal, in this case the right to possession has not been determined. To properly determine the issues before this Court for review, it was necessary to examine the issues forming the basis of the judgment of the trial court. Under the peculiar circumstances of this case, the entire controversy is properly before us for decision. The trial court erred in dismissing the case.

Appellant has presented the point that the trial court erred in awarding dam-

ages exceeding the jurisdiction of the county court on appeal. The point is without merit. The cause of action for damages for witholding possession and for costs of appeal, including attorney's fees, is cognizable only in the county court and the jurisdictional limits of the Justice of the Peace Court with reference to the amount in controversy would not operate to restrict the jurisdiction of the county court. Haginas v. Malbis Memorial Foundation, Tex.Civ. App., 349 S.W.2d 957, aff'd Tex., 354 S.W. 2d 368.

The judgment of the trial court is reversed and remanded for trial on the merits.