**Noble CRAWFORD, Appellant,**

v.

**Larue SIGLAR et al., Appellees.**

**No. 8036.**

Court of Civil Appeals of Texas, Texarkana.

Sept. 7, 1971.

Rehearing Denied Sept. 28, 1971.

916

Ewing Adams, Adams, Sheppard & Martin, Longview, for appellant.

Harry M. Harrington, Jr., Longview, for appellees.

RAY, Justice.

The Opinion handed down in this case on August 3, 1971, is withdrawn and the following is substituted in lieu thereof:

Appellant (plaintiff) appeals from a judgment of the County Court of Gregg County, awarding Five Hundred Dollars ($500.00) as attorney's fees, when the County Court dismissed for want of jurisdiction appellant's writ of certiorari pending in the County Court. Appellant, Noble Crawford, filed a forcible detainer suit in the Justice Court for Precinct One of Gregg County. The jury rendered a verdict in favor of appellee, Larue Siglar, and the Justice Court entered a judgment

in favor of Siglar. Appellant Crawford attempted an appeal to the County Court, which was found untimely and dismissed. Afterwards, appellant tried to invoke the jurisdiction of the County Court by writ of certiorari. When the court discovered that Vernon's Ann.Tex.Rev.Civ.Stat. Art. 941 (1964) prohibited the removal of forcible entry and detainer suits from the Justice Court to the County Court by writ of certiorari, the County Court entered its judgment dismissing appellant Crawford's case, but awarded appellees, Larue Siglar and Eddie Lee House, the sum of Five Hundred Dollars ($500.00) as attorney's fees to be paid to their attorney.

The only real issue before this Court is whether or not the County Court acquired, through the application for a writ of certiorari, sufficient jurisdiction to award attorneys' fees under Texas Rules of Civil Procedure, rule 752.

■ We hold that the County Court acquired no jurisdiction other than to make a determination that forcible entry and detainer suits cannot be removed to the County Court by writ of certiorari. We therefore conclude that the County Court lacked jurisdiction to enter a judgment for attorneys' fees, and so hold.

■ The remedy by certiorari is independent of the one by appeal, and additional thereto. Parlin and Orendorff Company v. Keel, 78 S.W. 1082 (Tex.Civ. App.1904). Appeal from Justice Court and certiorari are cumulative remedies. Woodley v. Gulf, C. & S. F. Ry. Co., 20 S.W. 2d 842 (Tex.Civ.App.1929).

Ordinarily, there are two methods of obtaining relief from the judgment of the justice court, those being by appeal and by writ of certiorari. However, in forcible entry and detainer suits, the only method of obtaining relief in the county court is by appeal. The remedy of certiorari is not available in forcible entry and detainer cases as is specifically set out in Article 941, Texas Revised Civil Statutes.

Tex.Rev.Civ.Stat.Ann. art. 941 (1964) provides the following:

"After final judgment in a justice court in any cause except in cases of forcible entry and detainer, the cause may be removed to the county court by a writ of certiorari (or if the civil jurisdiction has been transferred from the county to the district court, then to the district court,) in the manner hereinafter directed."

■ It is obvious this statute prohibits the removal of forcible entry and detainer suits from the justice court to the county court by writ of certiorari. Since the Legislature excluded removal of this specific kind of case, the county court never acquired jurisdiction, and all proceedings in the county court, other than the judgment of dismissal, are void, and were void from the beginning.

■ The attempt to make Eddie Lee House an additional party in the county court was void because the county court does not have authority to make additional parties in such proceedings. Additionally, since the county court had not acquired jurisdiction, the issuance and return of the citation on Eddie Lee House was void.

■ This is a case of first impression. Similar cases involving jurisdiction are Simmons v. Brannum, 182 S.W.2d 1020 (Tex.Civ.App. Austin 1944, no writ), and Family Investment Company of Houston v. Paley, 356 S.W.2d 353 (Tex.Civ.App. Houston 1962, dism'd). Both of these cases involve defective appeals from forcible entry and detainer suits, but the reasoning is similar in that both courts held that no ancillary relief can be granted by the county court if it fails to acquire jurisdiction.

In Simmons v. Brannum, supra, the court stated:

"It is true that Rule 752, Texas Rules of Civil Procedure, as amended December 31, 1943, provides that either appel-

lant or appellee may plead and prove on appeal to the County Court in forcible entry and detainer cases, damages suffered for withholding or defending possession of the premises during the pendency of the appeal. But this rule contemplates a valid appeal from the forcible detainer judgment so as to stay its execution or enforcement pending the appeal. By failing to give the statutory notice of appeal in open court, Simmons did not perfect his appeal and did not confer any jurisdiction on the County Court to determine any incidental question of damages for withholding possession of the premises during the pendency of the appeal, as provided by Rule 752."

Following Simmons v. Brannum, supra, the Houston Court of Civil Appeals stated in Family Investment Company of Houston v. Paley, supra:

"If the county court failed to acquire jurisdiction of the appeal from the Justice of the Peace Court, that court lacked jurisdiction to enter a judgment for damages.

"It has been held that Rule 752, Texas Rules of Civil Procedure, granting the right to plead and prove in county court the damages suffered pending an appeal from the judgment of a justice of the peace in forcible entry and detainer cases contemplates a valid appeal from the forcible detainer judgment so as to stay its execution or enforcement pending the appeal. By failing to give the statutory notice of appeal in open court Simmons did not perfect his appeal and did not confer any jurisdiction on the County Court to determine any incidental question of damages for withholding possession of the premises during the pendency of the appeal, as provided by Rule 752."

■ Appellees urge that appellant's filing of his application for writ of certiorari was a showing of potential jurisdiction in the county court, and once the po-

tential jurisdiction was invoked, the county court had authority to award attorney's fees. We find no cases directly in point to sustain appellees' position. Appellees contend that Art. 941, Tex. Revised Civil Statutes Annotated is a matter for defensive pleading, and not jurisdictional. We hold to the contrary. Article 941 absolutely prohibits removal of forcible entry and detainer suits from the justice court to the county court by writ of certiorari by its clear and unequivocal language.

■ It is doubtful that appellant could have obtained a writ of certiorari in this case even if it had not been a forcible entry and detainer suit, since appellant had not exercised due diligence in appealing the case. In Hodginson v. Pena, 247 S.W. 600 (Tex.Civ.App.1923), the court stated:

"An application for writ of certiorari will not be entertained where it does not show: First, that applicant has exercised due diligence and lost his right of appeal through no negligence on his part; and, second, that he has a good defense against his adversary which entitles him to recover."

Had appellant been able to perfect his appeal to the county court by timely filing his appeal bond, as he had attempted to do, then appellee Siglar may have been able to recover his attorney's fees by proper proof of the amount due for legal services rendered. However, appellee diligently filed his motion for summary judgment, pointing out that appellant's appeal was not timely, and secured an order from the county court dismissing the appeal.

■ Since the County Court acquired no jurisdiction of this case, the Court of Civil Appeals acquires none on appeal, except to declare the invalidity of the proceedings in the County Court and to set them aside. Family Investment Company of Houston v. Paley, supra. Appellee's motion to award damages against the supersedeas bondsmen is therefore denied.

Reversed and rendered.