Arty POWELL, Appellant,

v.

MEL POWERS INVESTMENT
BUILDER, Appellee.

No. A2164.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Dec. 5, 1979.

Fred L. Fraser, Houston, for appellant.

William E. Yahner, Williams, Birnberg & Andersen, Houston, for appellee.

Before J. CURTISS BROWN, C. J., and MILLER and PAUL PRESSLER, JJ.

PAUL PRESSLER, Justice.

This is an appeal from a judgment in a forcible detainer action granting appellee possession of the premises and damages.

Appellant and appellee entered into a lease agreement on August 1, 1977, covering office space located at 1120 Nasa One, Houston, Texas. Appellant failed to pay the monthly rental due thereunder. Appellee gave appellant notice of the delinquency and demanded payment which was not forthcoming. Appellee then filed a forcible detainer action in justice court. On November 13, 1978, justice court rendered judgment for appellee. Appellant gave timely notice of appeal and a trial de novo was held in the county court. The judgment granted appellee possession of the premises, awarded $1,465.40 for the rental period between the dates of the judgments in the justice court and in the trial court, and $450.00 for attorney's fees.

Appellant raises nine points of error. His first two points attack the judgment on the grounds that the trial court lacked jurisdiction of the subject matter since the pleadings contained no request for possession of the premises and there was no evidence that appellee ever demanded possession from appellant. While appellee's petition did not in fact specifically request possession, it did include a request for "such other and further relief, both at law and in equity, general and special, to which plaintiff may show himself justly entitled." This prayer is adequate to allow the trial court to award possession of the premises to appellee. We further hold that neither the deficiency in the prayer of appellee's petition, nor its alleged failure to demand return of possession of the premises, deprives the trial court of subject matter jurisdiction in a forcible detainer action. *Family Investment Co. of Houston v. Paley*, 356 S.W.2d 353 (Tex.Civ.App.-Houston 1962, writ dism'd); *Clayton v. Hurt*, 88 Tex. 595, 32 S.W. 876 (1895).

Appellant's third point alleges that there was no evidence to sustain the award to appellee of $1,465.00 in damages because there was no evidence that appellee gave appellant three days written notice to vacate the premises as required by Tex.Rev. Civ.Stat.Ann. art. 3975a (Vernon 1966). Tex.Rev.Civ.Stat.Ann. art. 3992 (Vernon 1966) provides that the judgment of the county court in actions for forcible detainer

is conclusive of all litigation and expressly limits the appeal of such cases to those involving a judgment for damages in excess of $100.00. In addition, the rule appears to be firmly established that, even where the judgment includes damages exceeding $100.00, the scope of appellate review is limited to those issues affecting the award of damages only. Whether the three day notice was given is a threshold determination on the issue of possession. For that reason, we hold that we are without jurisdiction to consider this question.

Appellant's points four through six attack certain determinations made by the court on the basis that there was no evidence or insufficient evidence. All of the contested findings or conclusions within these points are primarily concerned with the issue of possession and only secondarily with the issue of damages. Therefore, as above, we hold that we do not have jurisdiction to consider them.

■ Appellant contends in his seventh and eighth points that there is no evidence or insufficient evidence that appellant had occupied the leased premises from the time judgment was rendered for appellee in justice court until the time of the trial de novo in county court. He further contends that such a finding was necessary in order to support an award of damages under Tex.R. Civ.P. 752. We agree. The record shows no evidence of such occupancy. Appellee contends that the property is "self-evidently . . . deemed to be in the possession of defendant-appellant once he perfects his appeal to county court." (Appellee's brief, page 12). However, none of the authorities cited support such a contention. Rule 752 states,

On the trial of the cause in the county court the appellant or appellee shall be permitted to plead, prove and recover his damages, if any, suffered for withholding or defending possession of the premises during the pendency of the appeal.

The express terms of the Rule will not permit us to indulge such a presumption as that proposed by appellee. The burden was on appellee to "prove . . . his damages, if any, . . ." and he has failed to carry this burden. Therefore, we reverse the portion of the trial court's judgment awarding appellee $1,465.00 and remand the cause for fuller development of the evidence on this point. Tex.R.Civ.P. 434.

■ Appellant's ninth point of error claims that there is insufficient evidence to support the award of attorney's fees. Appellee testified that he had spent nineteen hours preparing the case giving a breakdown of how that time was spent, and that his billing rate was $60.00/hour. We find this to be sufficient evidence to support the trial court's award of $450.00 in attorney's fees to appellee and affirm that portion of the judgment.

Affirmed in part, reversed and remanded in part, and dismissed in part for want of jurisdiction.