**John CHANG, Relator,**

v.

**RESOLUTION TRUST CORPORATION,**
**Respondent.**

No. 01–91–00588–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 15, 1991.

Frank G. Waltermire, Houston, for relator.

Eric Lipper, Houston, for respondent.

Before DUGGAN, HUGHES and WILSON, JJ.

## OPINION

DUGGAN, Justice.

Relator, John Chang, filed an emergency application for writ of prohibition or injunction on July 5, 1991, contending his appeal would become moot unless the removal of his property from his restaurant by the constable were halted. We granted leave to file and ordered a stay of all proceedings and removals from the premises that same date in accordance with TEX.R.APP.P. 121(d).

Relator is the owner of John Chang, Inc., which operates the Miyako Restaurant at 2444 Times Boulevard in Houston (the premises) under a lease. The Resolution Trust Corporation (RTC) is the receiver of University Savings Association, holder of a promissory note and deed of trust on the premises. RTC foreclosed on the premises, when the lessor defaulted on the promissory note, and brought a suit for forcible detainer in the justice court against relator. In its final judgment of April 8, 1991, agreed to by both parties, the justice court found that the RTC was entitled to possession of the premises.

Relator did not appeal the judgment of the justice court. Instead, relator filed an equitable writ of certiorari in the county court. The county court denied the writ on July 2, 1991. Relator gave notice of appeal on July 3 and filed an appeal bond.

Under TEX.CIV.PRAC. & REM.CODE ANN. § 51.002(a), (d) (Vernon 1986), a case may be removed from the justice court to the county court by writ of certiorari, except in cases of forcible entry and detainer. Forcible entry and detainer actions may not be removed by writ of certiorari. *Fox v. San Antonio Sav. Ass'n,* 751 S.W.2d 257 (Tex.App.—San Antonio 1988, no writ); *Crawford v. Siglar,* 470 S.W.2d 915, 917 (Tex.Civ.App.—Texarkana 1971, writ ref'd n.r.e.). Such actions are reviewable only by appeal to the county court. *Fox,* 751

S.W.2d at 257; *Crawford,* 470 S.W.2d at 917; TEX.R.CIV.P. 749. A final judgment of the county court in a forcible detainer suit may not be appealed on the issue of possession, unless the premises are used for residential purposes. *Mullins v. Coussons,* 745 S.W.2d 50, 51 (Tex.App.—Houston [14th Dist.] 1987, orig. proceeding); TEX. PROP.CODE ANN. § 24.007 (Vernon Supp. 1991).

A writ of prohibition is used to protect the subject matter of an appeal or to prohibit an unlawful interference with the enforcement of a superior court's orders and judgments. *Holloway v. Fifth Court of Appeals,* 767 S.W.2d 680, 683 (Tex.1989); *see also Hardy v. McCorkle,* 765 S.W.2d 910, 913 (Tex.App.—Houston [1st Dist.] 1989, orig. proceeding [leave overruled]). This Court is also empowered to grant injunctive relief for the purpose of protecting its jurisdiction over a pending appeal and to preserve the subject matter of the litigation so that its decree will be effective. *Becker v. Becker,* 639 S.W.2d 23, 24 (Tex.App.—Houston [1st Dist.] 1982, orig. proceeding). In this case, either writ is sought to protect the subject matter of the appeal. However, we have no jurisdiction to review the issue of possession in a forcible detainer action where the premises are used for commercial purposes.

Accordingly, the petition for writ of prohibition or injunction is refused, and the temporary stay is ordered dissolved.