NUMBER 13-06-00402-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


MANUEL CHAVEZ, Appellant,


v.


MARTIN CANTU, Appellee.

 


On appeal from the County Court at Law No. 5

of Hidalgo County, Texas.

 


MEMORANDUM OPINION


Before Justices Rodriguez, Garza, and Vela


Memorandum Opinion by Justice Garza


 This case arises from a forcible entry and detainer action brought by appellee Martin
Cantu. See Tex. Prop. Code Ann. §§ 24.001-.002 (Vernon 2000). Appellant, Manuel
Chavez, challenges the summary judgment awarded by the trial court in favor of Cantu. 
By three issues, Chavez alleges that: (1) the trial court lacked jurisdiction; (2) summary
judgment was improper because material fact issues existed; and (3) the trial court
exceeded its jurisdiction in ruling that Chavez's title claims were void. We render judgment
dismissing the cause for lack of jurisdiction in the county court.


I. Background


 In November 2005, Cantu purchased the property located at 1218 Frontage in
Alamo, Texas from Virginia Bravo. The property had been occupied by Chavez and his
wife since 1998. After signing the purchase contract with Bravo, Cantu made repeated
requests, by regular mail and personal delivery, to notify Chavez that he no longer had the
right to occupy the property. Chavez refused to vacate the property, claiming that he had
entered into an oral contract with Bravo for sale of the property. Chavez asserted that he
had made a down payment to Bravo of $2,000, and that he had made monthly payments
to Bravo from May 1995 to December 20, 2005. Both Cantu and Bravo, however, claimed
that the monthly payments from Chavez were rent payments and that no contract for sale
was ever consummated.

 Seeking to expel Chavez, Cantu filed a verified original petition for forcible entry and
detainer with the Justice Court, Precinct 2, Place 1, of Hidalgo County. Chavez responded
by filing a general denial and a plea to the jurisdiction, claiming that the justice court lacked
subject matter jurisdiction. Specifically, Chavez claimed that, because he asserted that he
had equitable title to the property, title to the property was at issue and therefore
jurisdiction did not lie in the justice court. See Tex. R. Civ. P. 746 (stating that in a suit for
forcible entry and detainer, "the merits of the title shall not be adjudicated"). The Justice
of the Peace scheduled a hearing for February 21, 2006. Because Chavez did not appear
at the hearing, the justice court entered a default judgment against Chavez on February
26, 2006.

 On March 3, 2006, Chavez filed a petition for writ of certiorari with County Court at
Law Number 5 of Hidalgo County. The county court issued the writ on the same day. On
March 29, 2006, Cantu filed a motion for summary judgment, alleging that there was no
evidence that Chavez had equitable title to the property. The county court granted the
motion and rendered summary judgment in favor of Cantu on June 14, 2006. The court
then issued a writ of possession on June 30, 2006, commanding Chavez to vacate the
premises. Chavez filed a notice of appeal on July 17, 2006. (1)

II. Discussion


 Section 51.002 of the Texas Civil Practice and Remedies Code, entitled "Certiorari
From Justice Court," provides as follows:

 (a) After final judgment in a case tried in justice court in which the
judgment or amount in controversy exceeds $250, exclusive of costs, a
person may remove the case from the justice court to the county court by writ
of certiorari.


 (b) In a county in which the civil jurisdiction of the county court has
been transferred from the county court to the district court, a person may
remove a case covered by this section from the justice court to the district
court by writ of certiorari.


 (c) If a writ of certiorari to remove a case is served on a justice of the
peace, the justice shall immediately make a certified copy of the entries
made on his docket and of the bill of costs, as provided in cases of appeals,
and shall immediately send them and the original papers in the case to the
clerk of the county or district court, as appropriate.


 (d) This section does not apply to a case of forcible entry and
detainer.


Tex. Civ. Prac. & Rem. Code § 51.002 (Vernon Supp. 2007) (emphasis added).

 Neither party has directed us to any authority supporting the applicability--or even
the existence--of an exception to this statutory rule. (2) We conclude, therefore, that the
county court was without subject matter jurisdiction to grant Chavez's petition for writ of
certiorari. See Crawford v. Siglar, 470 S.W.2d 915 (Tex. Civ. App.-Texarkana 1971, writ
ref'd n.r.e.) ("the remedy of certiorari is not available in forcible entry and detainer cases");
see also Awde v. Dabeit, 938 S.W.2d 31, 32 (Tex. 1997) (per curiam) (noting that appellant
successfully challenged the jurisdiction of the county court because the civil practice and
remedies code "prohibits filing a writ of certiorari in a forcible detainer case"). Chavez's first
issue is sustained.

III. Conclusion

 We reverse the judgment of the county court at law and render judgment dismissing
the cause for lack of jurisdiction. Because we find that jurisdiction did not lie in the county
court, we need not address Chavez's remaining issues. See Tex. R. App. P. 47.1.


 ______________________________

 DORI CONTRERAS GARZA,

 Justice


Memorandum Opinion delivered and 

filed this the 29th day of July, 2008.
1. Chavez's notice of appeal was filed beyond the thirty-day time period specified by the rules. See
Tex. R. App. P. 26.1. However, Chavez filed a motion for extension of time to file a notice of appeal on August
2, 2006, which we granted on August 24, 2006. See Tex. R. App. P. 26.3. The notice was therefore timely
filed.
2. Cantu did not file an appellate brief.