

**NUMBER 13-06-00402-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**MANUEL CHAVEZ,** **Appellant,**

**v.**

**MARTIN CANTU,** **Appellee.**

---

**On appeal from the County Court at Law No. 5
of Hidalgo County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Vela
Memorandum Opinion by Justice Garza**

This case arises from a forcible entry and detainer action brought by appellee Martin Cantu. *See* TEX. PROP. CODE ANN. §§ 24.001-.002 (Vernon 2000). Appellant, Manuel Chavez, challenges the summary judgment awarded by the trial court in favor of Cantu. By three issues, Chavez alleges that: (1) the trial court lacked jurisdiction; (2) summary judgment was improper because material fact issues existed; and (3) the trial court exceeded its jurisdiction in ruling that Chavez's title claims were void. We render judgment dismissing the cause for lack of jurisdiction in the county court.

## I. BACKGROUND

In November 2005, Cantu purchased the property located at 1218 Frontage in Alamo, Texas from Virginia Bravo. The property had been occupied by Chavez and his wife since 1998. After signing the purchase contract with Bravo, Cantu made repeated requests, by regular mail and personal delivery, to notify Chavez that he no longer had the right to occupy the property. Chavez refused to vacate the property, claiming that he had entered into an oral contract with Bravo for sale of the property. Chavez asserted that he had made a down payment to Bravo of $2,000, and that he had made monthly payments to Bravo from May 1995 to December 20, 2005. Both Cantu and Bravo, however, claimed that the monthly payments from Chavez were rent payments and that no contract for sale was ever consummated.

Seeking to expel Chavez, Cantu filed a verified original petition for forcible entry and detainer with the Justice Court, Precinct 2, Place 1, of Hidalgo County. Chavez responded by filing a general denial and a plea to the jurisdiction, claiming that the justice court lacked subject matter jurisdiction. Specifically, Chavez claimed that, because he asserted that he had equitable title to the property, title to the property was at issue and therefore jurisdiction did not lie in the justice court. *See* TEX. R. CIV. P. 746 (stating that in a suit for forcible entry and detainer, "the merits of the title shall not be adjudicated"). The Justice of the Peace scheduled a hearing for February 21, 2006. Because Chavez did not appear at the hearing, the justice court entered a default judgment against Chavez on February 26, 2006.

On March 3, 2006, Chavez filed a petition for writ of certiorari with County Court at Law Number 5 of Hidalgo County. The county court issued the writ on the same day. On March 29, 2006, Cantu filed a motion for summary judgment, alleging that there was no evidence that Chavez had equitable title to the property. The county court granted the motion and rendered summary judgment in favor of Cantu on June 14, 2006. The court then issued a writ of possession on June 30, 2006, commanding Chavez to vacate the

premises.  Chavez filed a notice of appeal on July 17, 2006.[1]

## II. DISCUSSION

Section 51.002 of the Texas Civil Practice and Remedies Code, entitled "Certiorari

From Justice Court," provides as follows:

> (a) After final judgment in a case tried in justice court in which the judgment or amount in controversy exceeds $250, exclusive of costs, a person may remove the case from the justice court to the county court by writ of certiorari.
>
> (b) In a county in which the civil jurisdiction of the county court has been transferred from the county court to the district court, a person may remove a case covered by this section from the justice court to the district court by writ of certiorari.
>
> (c) If a writ of certiorari to remove a case is served on a justice of the peace, the justice shall immediately make a certified copy of the entries made on his docket and of the bill of costs, as provided in cases of appeals, and shall immediately send them and the original papers in the case to the clerk of the county or district court, as appropriate.
>
> (d) *This section does not apply to a case of forcible entry and detainer.*

TEX. CIV. PRAC. & REM. CODE § 51.002 (Vernon Supp. 2007) (emphasis added).

Neither party has directed us to any authority supporting the applicability—or even

the existence—of an exception to this statutory rule.[2]  We conclude, therefore, that the

county court was without subject matter jurisdiction to grant Chavez's petition for writ of

certiorari.  *See Crawford v. Siglar*, 470 S.W.2d 915 (Tex. Civ. App.–Texarkana 1971, writ

ref'd n.r.e.) ("the remedy of certiorari is not available in forcible entry and detainer cases");

*see also Awde v. Dabeit*, 938 S.W.2d 31, 32 (Tex. 1997) (per curiam) (noting that appellant

successfully challenged the jurisdiction of the county court because the civil practice and

remedies code "prohibits filing a writ of certiorari in a forcible detainer case").  Chavez's first

---

[1] Chavez's notice of appeal was filed beyond the thirty-day time period specified by the rules.  *See* TEX. R. APP. P. 26.1.  However, Chavez filed a motion for extension of time to file a notice of appeal on August 2, 2006, which we granted on August 24, 2006.  *See* TEX. R. APP. P. 26.3.  The notice was therefore timely filed.

[2] Cantu did not file an appellate brief.

issue is sustained.

## III. Conclusion

We reverse the judgment of the county court at law and render judgment dismissing the cause for lack of jurisdiction. Because we find that jurisdiction did not lie in the county court, we need not address Chavez's remaining issues. *See* Tex. R. App. P. 47.1.

_____
DORI CONTRERAS GARZA,
Justice

Memorandum Opinion delivered and
filed this the 29th day of July, 2008.

4