Affirmed as Modified and Opinion filed August 26, 2008








Affirmed as Modified and Opinion filed August 26,
2008.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-01101-CV

 

MOHAMMAD SALAYMEH D/B/A 

MUEBLERIA Y BAZAR TIERRABLANCA, Appellant

 

V.

 

PLAZA CENTRO, LLC, Appellee

                                                                                                                                               


 

On Appeal from the County Court at Law No. 2

Harris County, Texas

Trial Court Cause No. 866242

                                                                                                                                               


 

NO. 14-07-00394-CV

 

MOHAMMAD SALAYMEH D/B/A 

RAINBOW SEAFOOD, Appellant

 

V.

 

PLAZA CENTRO, LLC, Appellee

                                                                                                                                               


 

On Appeal from the County Court at Law No. 2

Harris County, Texas

Trial Court Cause No. 866243

                                                                                                                                               


 

O P I N I O N








We are
presented with consolidated appeals in two forcible detainer suits.  Appellee,
Plaza Centro, LLC, is owner of the property.  During the relevant period of
time, the property was purportedly occupied by appellant, Mohammad Salaymeh,
who operated two businesses identified as  Muebleria Y Bazar Tierrablanca and
Rainbow Seafood.  Plaza Centro named Mohammed Salaymeh d/b/a Muebleria Y Bazar
Tierrablanca [ATierrablanca@] and Mohammad Salaymeh d/b/a Rainbow Seafood [ARainbow Seafood@] as defendants, respectively, in two
forcible detainer suits.[1]  The trial
court rendered judgment in each suit, awarding possession of the premises and
lost rents to Plaza Centro.  Appellant challenges only those portions of the
judgments awarding lost rents.  In three issues, appellant contends (1) the
trial court lacked subject-matter jurisdiction over these suits, (2) the
evidence is legally insufficient to support the awards of lost rents, and (3)
the trial court applied an incorrect accrual date when awarding lost rents. 

We
conclude the evidence is legally insufficient to support the awards of lost
rents.  Accordingly, we modify the judgment against Tierrablanca to delete the
award of lost rents in the amount of $34,200.00 and affirm as modified.  We
modify the judgment against Rainbow Seafood to delete the award of lost rents
in the amount of $22,799.43 and affirm as modified.

I. Background

In an unrelated suit, a default judgment was rendered against
appellant=s brother, the former owner of the commercial property at issue.  The
court authorized a receiver to sell the property.  By special warranty deed
dated November 16, 2005, the receiver conveyed the property to Plaza Centro.  








On
February 28, 2006, Plaza Centro sent identical letters to Tierrablanca and
Rainbow Seafood.  In the letters, Plaza Centro expressed its understanding that
Tierrablanca and Rainbow Seafood were occupying the property without a written
lease. Plaza Centro considered Tierrablanca and Rainbow Seafood to be occupying
the property as tenant-at-will or tenant-by-sufferance.  The entities were
instructed that, to the extent they were paying rent, they were now to forward
all rental payments to Plaza Centro=s address. 

Neither
entity paid rent to Plaza Centro for the month of March 2006.  On March 14,
2006, Plaza Centro again sent identical letters to Tierrablanca and Rainbow
Seafood.  Plaza Centro notified the entities that Plaza Centro was terminating
their tenancies and right to possession of the premises, effective March 19,
2006.  Plaza Centro further demanded that the entities vacate the premises
within three days.  On April 26, 2006, Plaza Centro filed separate forcible
detainer suits against Tierrablanca and Rainbow Seafood in the Justice Court of
Harris County.  Plaza Centro sought possession of the property, unpaid rent,
unspecified damages, and attorney=s fees.  The Justice Court awarded
possession, attorney=s fees, and costs to Plaza Centro.  

Appellant
timely appealed to the Harris County Court at Law Number Two.  The Honorable
Gary Michael Block conducted one trial de novo for both suits.  On September 6,
2006, the trial court rendered two separate judgments.  Relative to
Tierrablanca, the court awarded possession to Plaza Centro,$34,200.00 for
unpaid rent, interest, costs, and attorney=s fees.  Relative to Rainbow Seafood,
the court awarded possession to Plaza Centro, $22,799.43 for unpaid rent,
interest, costs, and attorney=s fees.  The trial court filed findings of fact and
conclusions of law in each suit.

Appellant
does not contest the portions of the judgments awarding possession of the
property to Plaza Centro.  See Tex. Prop. Code Ann. ' 24.007 (Vernon 2000). (AA final judgment of a county court in
an eviction suit may not be appealed on the issue of possession unless the
premises in question are being used for residential purposes only.@)  Appellant challenges only those
portions of the trial court=s judgments awarding lost rents.  








II. Subject-Matter Jurisdiction

In his
first issue, appellant contends the trial court lacked subject-matter
jurisdiction over both suits.  Subject-matter jurisdiction is fundamental and
may be raised for the first time on appeal.  See Tex. Ass=n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 445 (Tex. 1993). 
Subject-matter jurisdiction is a question of law, subject to de novo review.  Tex.
Dep=t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004).

A
justice court in the precinct in which real property is located has
jurisdiction over a forcible detainer suit.  See Tex. Prop. Code Ann. ' 24.004 (Vernon 2000); Tex. Gov=t Code Ann. ' 27.031(a)(2) (Vernon 2007 &
Supp. 2008).  However, a justice court is expressly deprived of jurisdiction to
determine or adjudicate title to land.  See Tex. Gov=t Code Ann. ' 27.031(b) (Vernon 2007 & Supp.
2008).  The appellate jurisdiction of the county court is confined to the
jurisdictional limits of the justice court.  Rice v. Penney, 51 S.W.3d
705, 708B09 (Tex. App.CDallas 2001, no pet.); Goggins v.
Leo, 849 S.W.2d 373, 375 (Tex. App.CHouston [14th Dist.] 1993, no writ). 
Accordingly, notwithstanding the grant of general jurisdiction to a county
court, it has no jurisdiction to adjudicate title to real property in a de novo
trial on appeal of a forcible detainer suit from justice court.  Rice,
51 S.W.3d at 708B09.








The only
issue in an action for forcible detainer is the right to actual and immediate
possession; the merits of title are not adjudicated.  Tex. R. Civ. P. 746; Haginas
v. Malbis Mem. Found., 163 Tex. 274, 277, 354 S.W.2d 368, 371 (1962); Hong
Kong Dev., Inc. v. Nguyen, 229 S.W.3d 415, 434 (Tex. App.CHouston [1st Dist.] 2007, no pet.). 
To prevail in a forcible detainer action, a plaintiff is not required to prove
title, but is only required to show sufficient evidence of ownership to
demonstrate a superior right to immediate possession.  Rice, 51 S.W.3d
at 709.  However, where the right to immediate possession necessarily requires
resolution of a title dispute, a justice court has no jurisdiction to enter a
judgment.  Id.  Accordingly, a justice court is not deprived of
jurisdiction merely by the existence of a title dispute; it is deprived of
jurisdiction only if resolution of a title dispute is a prerequisite to
determination of the right to immediate possession.  See id.; cf.
Dass, Inc. v. Smith, 206 S.W.3d 197, 200B01 (Tex. App.CDallas 2006, no pet.) (holding that,
where relationship between parties was one of buyer-seller, rather than lessor-lessee,
determination of right to immediate possession of property necessarily required
resolution of title dispute and jurisdiction lay in district court).

It has
been long settled in Texas jurisprudence that a forcible detainer action is not
exclusive.  Scott v. Hewitt, 127 Tex. 31, 35, 90 S.W.2d 816, 818B19 (1936).  Forcible detainer actions
are cumulative of any other remedy that a party may have in the courts of this
state.  Id.  The displaced party is entitled to bring a separate suit in
the district court to determine questions of title.  Id.  Forcible
detainer suits in justice court may run concurrently with an action in another
courtCeven if the other action involves
adjudication of matters that could result in a different determination of
possession from the decision rendered in the forcible detainer suit.  Hong
Kong Dev., Inc., 229 S.W.3d at 437.

Appellant
contends the trial court did not have jurisdiction because the justice court
lacked jurisdiction over the underlying suits.  As appellant notes, the
receiver conveyed the property to Plaza Centro by special warranty deed on
November 16, 2005Cbefore Plaza Centro filed these forcible detainer suits. 
However, sale of the property was not confirmed by the court until August 2,
2006Cafter the justice court rendered
judgment.  Appellant cites authority recognizing that a receiver=s sale of property is not valid until
it is confirmed by the receivership court.  See Baumgarten v. Frost, 143
Tex. 533, 539, 186 S.W.2d 982, 986 (Tex. 1945).  Therefore, appellant asserts
that the justice court lacked jurisdiction because Plaza Centro obtained title
to the property at issue after proceedings in the justice court were concluded.








However,
we hold the justice court was not required to resolve issues of title to
determine the parties= rights to immediate possession of the property.  Here, Plaza
Centro presented a duly executed and recorded special warranty deed reflecting
conveyance of the premises to Plaza Centro, and Plaza Centro asserted that
appellant was occupying the premises as a tenant-at-will or a
tenant-at-sufferance and held over following a written demand to vacate the
premises.  This alleged landlord-tenant relationship presented an independent
basis on which the trial court could determine the right to immediate
possession without resolving underlying title issues.  See e.g., Rice,
51 S.W.3d at 712.  Accordingly, the justice court had subject-matter
jurisdiction to determine whether Plaza Centro or appellant had superior right
to immediate possession of the property.  Because the justice court had
subject-matter jurisdiction over the underlying forcible detainer suits, the
county court had subject-matter jurisdiction over the appeal.  See id.
at 708B09.  If we were to hold otherwiseBthat a justice court is deprived of
jurisdiction when a party merely challenges validity of titleBwe would ignore the long-established
procedure for parallel resolution of immediate possession and title issues.  See
id. at 711.  Appellant=s first issue is overruled. 

III. Legal Sufficiency

In his
second issue, appellant contends the evidence is legally insufficient to
support the trial court=s awards of lost rents.[2] 
Specifically, appellant contends Plaza Centro failed to prove (1) appellant
occupied the premises or (2) the amount of lost rents.

A.        Standard of Review








Findings
of fact in a bench trial have the same force and dignity as a jury verdict.  Haas
v. Ashford Hollow Cmty. Improvement Ass=n, 209 S.W.3d 875, 887 (Tex. App.CHouston [14th Dist.] 2007, no pet.). 
If the findings are challenged, we review sufficiency of the evidence
supporting the findings by applying the same standards that we use to review
the legal sufficiency of the evidence supporting jury findings.  Catalina v.
Blasdel, 881 S.W.2d 295, 297 (Tex. 1994).  As a reviewing court, we are
bound by any unchallenged findings of fact unless the contrary is established
as a matter of law or the finding is not supported by any evidence.  McGalliard
v. Kuhlmann, 722 S.W.2d 694, 696 (Tex. 1986). 

The test
for legal sufficiency is Awhether the evidence at trial would enable reasonable and
fair-minded people to reach the verdict under review.@  City of Keller v. Wilson,
168 S.W.3d 802, 827 (Tex. 2005).  When examining a legal sufficiency challenge,
we review the evidence in the light most favorable to the challenged finding
and indulge every reasonable inference that would support it.  Id.  We
credit favorable evidence if reasonable jurors could and disregard contrary
evidence unless reasonable jurors could not.  Id.  So long as the
evidence falls within the zone of reasonable disagreement, we may not
substitute our judgment for that of the fact-finder.  Id. at 822.

B.        Forcible Detainer

An
action for forcible detainer is intended to be a speedy, simple, and
inexpensive means to regain possession of property.  Marshall v. Hous. Auth.
of City of San Antonio, 198 S.W.3d 782, 787 (Tex. 2006).  Under the
Property Code, a person who refuses to surrender possession of real property on
demand commits a forcible detainer if the person:  wilfully and without force
holds-over after termination of the  right of possession; or is a tenant at
will or by sufferance, including an occupant at the time of foreclosure of a
lien superior to the tenant=s lease.  See Tex. Prop. Code Ann. ' 24.002(a) (Vernon 2000).

Here,
the trial court awarded lost rents pursuant to Texas Rule of Civil Procedure
752, which provides in pertinent part:








On the trial of the cause in the county court the
appellant or appellee shall be permitted to plead, prove and recover his
damages, if any, suffered for withholding or defending possession of the
premises during the pendency of the appeal.  Damages may include but are not
limited to loss of rentals during the pendency of the appeal . . . 

Tex. R. Civ. P. 752.[3]
To support an award of lost rents under rule 752, the plaintiff must prove the
defendant occupied the leased premises during the pendency of the appeal.  See
Powell v. Mel Powers Inv. Builder, 590 S.W.2d 837, 839 (Tex. App.CHouston [14th Dist.] 1979, no writ)
(holding evidence was insufficient to support trial court=s award of lost rents under Rule 752
because no evidence showed tenant occupied premises during pendency of
appeal).  

Appellant argues there is no evidence
in the record that he was withholding or defending possession of the premises
because there is no evidence he occupied the premises during the pendency of
the appeal.[4]  In contrast,
Plaza Centro contends the evidence is legally sufficient to prove appellant
occupied the premises because (1) Plaza Centro mailed letters to the entities
at the address of the premises on February 28, 2006 and March 14, 2006 and
appellant personally signed for one March 14 letter, (2) Giorgio Lofti, Plaza
Centro=s representative,  testified that
appellant did not vacate the premises, and (3) appellant believed he was
entitled to occupy and was defending his right to possession of the premises. 
However, we conclude this evidence is insufficient to establish appellant
occupied the premises during the pendency of the appeal.








1.         February 28 and March 14
Letters

On
February 28, 2006, Plaza Centro mailed letters to the entities at the address
of the premises informing them that it had purchased the property and
instructing them to make rental payments to Plaza Centro.  On March 14, 2006,
Plaza Centro again sent identical letters to the entities at the address of the
premises giving notice regarding termination of their tenancies and exercise of
Plaza Centro=s right to possession. Appellant personally acknowledged receipt of one
of the March 14 letters.  As Plaza Centro notes, a finding of occupation will
stand if the evidence allows the fact-finder to reasonably infer the tenant
occupied the property for a period of time.  Clarke v. Whitehead, 874
S.W.2d 282, 285 (Tex. App.CHouston [1st Dist.] 1994, writ denied).  Further, proof of
continuous use of the property is not required.  Id.

However,
we must distinguish between an award of rent by a justice court in a forcible
detainer suit under Rule 738 and an award by a county court for lost rents
accruing during pendency of an appeal under Rule 752.  As stated above, a
justice court may award lost rents to a property owner when such a request is
joined with a forcible detainer suit and the amount is within the jurisdiction
of the justice court.  Tex. R. Civ. P. 738.  However, in this case, the justice
court did not award lost rents, and Rule 752 provided the only basis for the
county court to award lost rents.  Rule 752 specifically allows the owner to plead,
prove and recover its lost rents due to the defendant=s withholding possession Aduring the pendency of the appeal.@  Tex. R. Civ. P. 752 (emphasis
added).  It is axiomatic that the owner must prove it incurred these lost rents
due to the defendant=s possession of the property after judgment was rendered in
the justice court.  See id.; Powell, 590 S.W.2d at 839. 
Accordingly, Plaza Centro=s proof that appellant was sent, and signed for, letters at
the premises before suit was filed in the justice court is insufficient,
without more, to establish appellant=s occupation of the premises after
judgment was rendered in the justice court.

 








2.         Giorgio Lofti=s Testimony

Giorgio
Lofti, a member of Plaza Centro and its representative at trial, was the only
person to testify at trial.  Plaza Centro argues that Lofti=s uncontroverted testimony that
appellant did not vacate the premises is sufficient to support the trial court=s awards of lost rents.  However,
after reviewing the evidence in the light most favorable to the verdict, we
cannot conclude Lofti=s testimony established appellant occupied the premises
during the pendency of the appeal.  Although Plaza Centro correctly notes Lofti
testified that appellant did not vacate the premises, Lofti also testified that
he had not been on the property, did not know whether the premises had been
occupied since Plaza Centro purchased the property, and did not know whether
Tierrablanca or Rainbow Seafood were ever open for business.  Additionally,
Lofti was unaware of anyone living on the premises.  A bare conclusion with no
basis in fact cannot support a judgment even when no objection was made to the
statements at trial.  See Cas. Underwriters v. Rhone, 134 Tex. 50, 53B54, 132 S.W.2d 97, 99 (Tex. Comm=n App. 1939, judgm=t adopted) (holding that Abare conclusions@ did not Aamount to any evidence at all,@ and Athe fact that they were admitted
without objection adds nothing to their probative force.@); see also Tex R. Evid. 602 (AA witness may not testify to a matter
unless evidence is introduced sufficient to support a finding that the witness
has personal knowledge of the matter@); Mar. Overseas Corp. v. Ellis,
971 S.W.2d 402, 418 (Tex. 1998) (providing generally that incompetent testimony
will not support a judgment).

Accordingly,
because Lofti did not know whether Tierrablanca or Rainbow Seafood had been
open for business or whether anybody occupied the premises, his assertion that
appellant did not vacate the premises is nothing but a bare conclusion without
any factual basis and does not prove occupation. See Cas. Underwriters,
132 S.W.2d at 99.  Therefore, we cannot conclude that Lofti=s testimony would enable reasonable
and fair-minded people to reach the conclusion that appellant occupied the
premises during the pendency of the appeal.








3.         Appellant=s Defense of Right to Possession

Finally,
Plaza Centro argues that the evidence is legally sufficient to support a
finding of occupancy because appellant believed he had possessory rights to the
premises and was defending his right to possession.  Although its argument is
somewhat unclear, Plaza Centro seems to assert that appellant made a judicial
admission of occupancy by defending his right to possession, thus relieving
Plaza Centro of its burden of proof.  See Henningan v. I.P. Petroleum Co.,
858 S.W.2d 371, 372 (Tex. 1993).  A judicial admission is a formal waiver of
proof, usually found in pleadings or stipulations of the parties.  Id. 
However, to constitute a judicial admission and bar the admitting party from
later disputing the admitted fact, the admission must be clear and
unequivocal.  See Holy Cross Church of God in Christ v. Wolf, 44 S.W.3d
562, 568 (Tex. 2001).

Plaza
Centro cites three statements by appellant=s counsel made during trial that
purportedly constituted judicial admissions of occupation: 

$                  
a statement that appellant was
disputing Plaza Centro=s right to possession

$                  
statements that Plaza Centro was
attempting to terminate appellant=s
right to possession for failure to pay rent in compliance with the February 28
letter

$                  
a question to Lofti: A[Plaza Centro] filed suit  - - against both of the
pieces of property possessed by my client with a forcible detainer, right?@

However,
appellant did not admit to occupying the property during the pendency of the
appeal in any of the cited statements.  Further, throughout trial, appellant
contested Plaza Centro=s claims that appellant was occupying the premises. 
Accordingly, we cannot conclude the cited statements are so clear and
unequivocal as to constitute judicial admissions of occupancy, and the
statements do not relieve Plaza Centro of its burden to prove occupancy to
recover lost rents.  See Wolf, 44 S.W.3d at 568.








After
reviewing the evidence in the light most favorable to the verdict, we conclude
the evidence is legally insufficient to prove appellant occupied the premises
during the pendency of the appeal.  Therefore, the trial court erred by
awarding lost rents.  We sustain appellant=s second issue.[5]

Accordingly, 
we modify the judgment against appellant, Mohammed Salaymeh d/b/a Muebleria Y
Bazar Tierrablanca, to delete the award of lost rents in the amount of
$34,200.00 and affirm as modified.  We modify the judgment against appellant,
Mohammad Salaymeh d/b/a Rainbow Seafood, to delete the award of lost rents in
the amount of $22,799.43 and affirm as modified.

 

 

/s/        Charles W. Seymore

Justice

 

 

 

Judgment rendered and Opinion filed
August 26, 2008.

Panel consists of Justices Fowler,
Seymore and Guzman.









[1]   We will refer to Salaymeh as Aappellant@
with respect to both suits, except where necessary to separately identify the
parties.





[2]  In his stated issue, appellant asserts only that the
evidence is legally insufficient to support the lost-rents awards.  At one
point in his argument, appellant contends the evidence is both legally and
factually insufficient to support the awards.  However, appellant did not
present any controverting evidence at trial, and his entire argument is based
on the contention that there is no evidence supporting the awards. 
Accordingly, we construe his issue as a legal-sufficiency challenge.  





[3]  A justice court may award lost rents when such a
request is joined with a forcible detainer suit, if the amount thereof is
within the jurisdiction of the justice court.  Tex. R. Civ. P. 738.  However,
in this case, the justice court did not award lost rents.  Plaza Centro did not
appeal the justice court=s judgment to the county court and did not raise
issues regarding the justice court=s
refusal, if any, to award lost rents.  Appellant is the only party who appealed
the judgment of the justice court.  Accordingly, Rule 752 was the only basis on
which the county court was permitted to award lost rents.  See Tex. R.
Civ. P. 752.





[4]  Generally, an appellant challenging legal sufficiency
of the evidence presented in a non-jury trial must challenge specific findings
of fact.  See Zagorski v. Zagorski, 116 S.W.3d 309, 319 (Tex. App.CHouston [14th Dist.] 2003, pet. denied).  Further, if
the trial court=s findings of fact are not challenged by a point of
error on appeal, they are binding upon the appellate court.  See McGalliard,
722 S.W.2d at 696. However, the trial court made no explicit finding that
appellant occupied the premises during the pendency of the appeal. 
Nevertheless, the trial court implicitly found occupation because it awarded
lost rents.  In his brief, appellant argues there is no evidence to support
this implicit finding.





[5]   Having sustained appellant=s second issue regarding occupancy, appellant=s remaining issues are rendered moot.